# SUPREME COURT,
## STATE OF KANSAS.

## JULY TERM, 1891.

### PRESENT:

Hon. ALBERT H. HORTON, Chief Justice.
Hon. DANIEL M. VALENTINE, } Associate Justices.
Hon. WILLIAM A. JOHNSTON, }

---

## The Dwelling-House Insurance Company v. I. C. Johnson *et al.*

1. Insurance—*Action on Policy—Evidence and Instructions, not Within Issues.* In an action to recover on a policy of insurance, the plaintiff. alleged the contract of insurance, the loss by fire and the refusal of payment. The insurance company answered that a material condition of the contract had been broken, and that the rights of the assured under the policy had been forfeited. The plaintiff replied by a general denial. On the trial, proof was offered over objection tending to show that the company had waived the condition and was estopped from taking advantage of the forfeiture, and also that since the loss a final compromise and settlement had been agreed upon between the assured and an agent of the company. *Held,* That this evidence and the instructions based thereon were not within the issues and should have been excluded.

2. Estoppel—*Acts to be Pleaded.* All acts, representations and conduct relied on as an estoppel should be specially pleaded before evidence to establish the same can be received.

### *Error from Shawnee District Court.*

Action to recover on a fire insurance policy. Judgment for plaintiffs, *Johnson & Williams,* at the April term, 1888.

1.—47 kas.

The defendant *Company* brings the case here.   The opinion states the facts.

*Rossington, Smith & Dallas,* and  *P. L. Soper,* for plaintiff in error.

*David Overmyer,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought by Johnson & Williams upon a fire insurance policy issued by the Dwelling-House Insurance Company.   In their petition they set forth the contract of insurance, the payment of the premium, the destruction by fire of some of the property insured, on December 26, 1886; that the loss sustained was $1,600, and that the company had refused to pay the loss, although the plaintiffs had performed all the conditions of the policy incumbent upon them.   The defendant answered, admitting the execution of the policy, but alleging a breach of the condition of the same in regard to incumbrances.   The company averred that in the written application for insurance, upon the faith of which the policy was issued, Johnson & Williams represented and declared that they were the absolute owners of the property sought to be insured, and that their property was unincumbered, when in fact there was upon the property at the time of the execution of the policy a mortgage lien and incumbrance; and it alleged that there was a provision of the policy to the effect that if the interest of the insured in the property was, at the time of the execution of the policy, or should become, any other or less than a perfect legal and equitable title, free from all liens whatever, except as stated in writing upon the policy, then the policy should be absolutely void.   It was further alleged that the insured, without the knowledge or consent of the company, and in violation of the provisions of the policy, executed and delivered another mortgage upon the property, after the execution of the policy, and before the loss occurred.   The reply of Johnson & Williams was a denial of the foregoing facts alleged in the answer.

The trial resulted in a verdict and judgment against the company, and it complains of the ruling of the court in admitting testimony and in instructing the jury.

On the trial the plaintiffs below were permitted to offer proof tending to establish a waiver of the condition of the policy respecting incumbrances, and such as would estop the company from urging the forfeiture against a recovery on the policy. It is undisputed that at the time the contract of insurance was made there was a mortgage of $3,500 upon the property insured, and it had not been discharged when the loss occurred. Testimony was given, over objection, that the agent wrote the answers in the application respecting incumbrances after it had been signed by the assured, and also tending to show that the agent knew of the existence of the mortgage when the contract of insurance was made. The court instructed the jury that —

"As the local agent might by contract indorsed on the policy have waived the answer to the questions with respect to incumbrances, or might have waived the condition concerning the mortgage, so he may, by acts and conduct of dealing with the assured, do that which amounts to such waiver."

Testimony was also introduced concerning a settlement made by one Peck, an adjuster of the company, shortly after the fire occurred, by which it was agreed between the insured and the adjuster that, if a reduction of $112 was made from the amount claimed, the loss would be paid at once. In respect to this defense the court charged the jury:

"If you find from the evidence that, after the loss by fire of the insured property, on or about January 22, 1887, Peck, the adjuster of the company defendant, went on the plaintiffs' premises and assisted the plaintiffs to make the proof of loss, and that said adjusting agent had full knowledge of the mortgage on the premises of the plaintiffs, if there was a mortgage, and that said adjusting agent of defendant, with full knowledge of all the facts, agreed with the plaintiffs, as a final settlement of the loss, to pay plaintiffs the sum of $1,488, as such settlement, and that the plaintiffs agreed with the adjusting agent of defendant to accept $1,488 in full satisfaction

of the loss under this policy, then the parties should stand by this settlement, and your verdict should be for the plaintiffs for $1,488, with interest at 7 per cent. from the time this sum was made payable by the agreement of the parties, if you find there was such agreement entered into."

It is said that the amount named in the verdict of the jury corresponds with the amount mentioned by the court in its instruction. It is insisted that this evidence and these instructions are not within the issues or warranted by the pleadings in the case, and we are forced to that conclusion. The conduct and acts of the agent and the adjuster relied on as a waiver form an important condition of the contract, and, to estop the company from claiming a forfeiture, should have been specially pleaded, and the same may be said respecting the compromise and settlement which has been referred to. This was new matter, which should have been set forth in the reply with frankness and certainty, so that the company could have been prepared to meet the issues with its proof. As the issues were framed, the company had no notice that the assured would make any claim of waiver or estoppel. They set up in their petition the contract, the loss, and the refusal of payment. The company answered that certain conditions of the contract had been broken, and hence no recovery could be had. The assured replied by a mere denial, which was nothing more than to say that no breach had occurred. It gave no intimation that the assured admitted the existence of an incumbrance, but insisted that the company was estopped to take advantage of a forfeiture. The condition alleged to have been broken was an important one. In respect to it, the court charged the jury that a breach of the same would render the policy void and defeat a recovery, unless the company was estopped by its own acts or had waived the warranty given by the assured. If the acts of waiver and estoppel had been pleaded, there was sufficient testimony produced by plaintiffs below to warrant the instructions given by the court. Undoubtedly an agent clothed with the authority or apparent authority of the agent in this case may waive the conditions

and stipulations in the policy, and might also by his knowledge and acts estop the company from availing itself of a breach of condition or a forfeiture in certain cases. The evidence given to the jury on this subject, however, did not controvert the truth of the defense pleaded by the company, but practically admitted it, and then assigned reasons why the company should not be permitted to avail itself of such a defense. It is uniformly held that a waiver or estoppel must be specially pleaded before evidence to establish the same can be admitted. Under our code, the facts relied upon as a ground of action or defense must be clearly and concisely stated and a definite issue presented, so that the opposite party may not be taken by surprise upon the trial, but may be fairly notified of what he is required to meet. The new matter introduced in this case was not put in issue by the pleadings, and the company may, as it alleges, have been taken by surprise and wholly unprepared with its proof to contest the new issue. Neither the evidence introduced nor the instructions based thereon are warranted under the pleadings as they exist, and before they can be properly received the reply must be amended. As tending to sustain this conclusion, we cite *Insurance Co. v. McLanathan*, 11 Kas. 533; *Railroad Co. v. Grove*, 39 id. 731; *Railroad Co. v. Irwin*, 35 id. 286; *Insurance Co. v. Hutchins*, 53 Tex. 61; *Hayes v. Mut. Pro. Ass'n*, 76 Va. 225; *Lumbert v. Palmer*, 29 Iowa, 104; *Northrup v. Insurance Co.*, 47 Mo. 435; *Warder v. Baldwin*, 51 Wis. 450; *Delphi v. Startzman*, 104 Ind. 343; *Phillips v. Van Schaick*, 37 Iowa, 229; *Dale v. Turner*, 34 Mich. 405; Pom. Rem., §§ 556, 590, 661.

Error is assigned on the refusal of the court to permit an amendment of the answer just before entering upon the trial. The facts set forth in the proposed amendment constituted a defense, but the record fails to show any sufficient reason for the delay in presenting this defense, and, as the matter of amendment at that stage of the proceeding is largely within the discretion of the court, we cannot hold the ruling to be a reversible

*Marginal notes:*
2. Estoppel—acts to be pleaded.

1. Insurance—action o policy—evidence and instructions, not within issues.

error. As there must be a new trial of the case, an opportunity will be given to both parties to amend their pleadings, and the objections suggested can thus be overcome.

We find nothing more in the record that requires attention, but the errors mentioned compel a reversal of the judgment and the granting of a new trial.

All the Justices concurring.