THE WESTERN HOME INSURANCE COMPANY v. LEXCINA C. THORP.

1. INSURANCE—*Proof of Loss—Waiver.* In an action upon a policy of insurance, wherein it is provided that, in case of loss, the insured shall, within 60 days, render to the company an account of the loss, signed and sworn to, the insured cannot recover without showing either a waiver thereof or that proof of loss in substantial compliance with the terms of the policy had been rendered before the commencement of the suit.

2. INSTRUCTION—*Refusal—Error.* In such a case, it is error for the court, in the absence of any proof of waiver, to refuse to instruct the jury "that unless the plaintiff made proof of loss, in substantial compliance with the terms of the policy, before the commencement of the suit, she cannot recover.

3. ——— *Evidence—Waiver.* The evidence in a cause must be confined to the issues as formed by the pleadings. A waiver cannot be proved unless it is within the issues made by the pleadings.

*Error from Miami District Court.*

ACTION to recover on a policy of fire insurance. Judgment for plaintiff, *Thorp*, on February 6, 1889. The *Company* comes to this court. The opinion states the facts.

*Sperry Baker*, for plaintiff in error.

*W. H. Browne*, for defendant in error.

Opinion by STRANG, C.: This was an action on a policy of insurance. The petition reads as follows:

"The said Lexcina C. Thorp, plaintiff, complains of the said Western Home Insurance Company, defendant, for that the said defendant, in consideration of a certain premium by and between the said plaintiff and defendant agreed upon, and by the said plaintiff then paid, to wit, the sum of $18, on the 14th day of January, 1886, at Paola, Miami county, Kansas, did, by a certain policy of insurance of that date, duly executed, insure the said plaintiff against loss and damage by fire to the amount of $300, which policy of insurance with schedule thereto attached is hereto attached, marked 'Exhibit A,' and made a part of this petition. And the said plaintiff further says, that at the time of the date of said policy of insurance the said plaintiff was the owner of the said two-story, frame, shingle-roofed building, occupied as a retail grocery store, situated on lot 7, block 32, Paola, Miami county, Kansas, known as the 'Thorp ladder factory,' and so continued from thence up and until the time of the said loss hereinafter mentioned. And the said plaintiff further says, that she has duly kept, observed and performed all the requirements and conditions contained in said policy, and in the schedule thereto attached, by her the said plaintiff to be kept, observed and performed in that behalf. And the plaintiff further avers, that afterward, on the 1st day of April, 1886, the said two-story, frame, shingle-roof building became and was consumed and wholly destroyed by fire, of all which the said defendant afterward, to wit, on the 1st day of April, 1886, had due and legal notice. And the said plaintiff further says, that she has been damaged by the burning of the two-story, frame, shingle-roofed building to the amount of the said sum of $300 and over. Yet the said defendant, although the said plaintiff has duly done and performed all and singular the requirements and conditions by said policy and schedule thereto attached required to be done and performed by the said plaintiff, to entitle her to the payment of said amount of loss so sustained by said plaintiff, and to render the said defendant liable to pay the same, yet not regarding its said duty in the premises, did not or would not pay the said sum of $300, nor any part thereof, to the said plaintiff, but hitherto and still refuses so to do, to the damage of said plaintiff $300.

"Wherefore the said plaintiff prays judgment against the

said defendant for said sum of $300, her damages so as afore-said sustained, and her costs of suit."

To said petition the defendant below filed the following answer:

"And now comes the said defendant, and, for answer to the petition of the plaintiff, states the following grounds of defense.

"1. The defendant denies each and all of the allegations of the petition of the plaintiff.

"2. And the defendant alleges that after the said policy had been executed and delivered to the plaintiff, and before the time of the destruction of the said building by fire, the retail grocery store mentioned in said policy was removed from said building, (and at the time of the said fire no part of said building was occupied as a retail grocery store,) without permission therefor in writing on said policy, and contrary to and in violation of one of the conditions of said policy, and the plaintiff is, therefore, not entitled to recover upon said policy.

"Wherefore defendant prays judgment for costs, with such additional relief as defendant ought to have."

The reply was as follows:

"And now comes the said plaintiff, and, for reply to defendant's amended answer filed herein, denies each and every allegation, averment and statement of new matter contained and set forth in said answer. Wherefore plaintiff asks judgment as prayed for in the petition."

The insurance policy sued on was attached to the petition, and contains, among other things, the following provisions:

"1. In case of loss or damage by fire, the assured shall, within 60 days, render an account of the loss, signed and sworn to, stating how the fire originated, giving copies of the written portions of all policies thereon, also the actual cash value and ownership of the property, and the occupation of the premises.

"2. The amount of loss or damage to be paid in 60 days after the proof of the same, as required herein, shall have been made by the assured, and received by the company."

The case was tried by a jury, which found for the plaintiff

in the sum of $357.75, and also made the following special finding:

"Did the plaintiff, before the commencement of this suit, render to the defendant an account of the loss, signed and sworn to? Ans. The jury finds no proof in the testimony submitted that the plaintiff made any signed and sworn statement to the defendant."

This is the only finding in the record that in any way relates to the subject of proof of loss. The defendant below requested the court to submit the following instruction to the jury:

"That, unless the plaintiff made proofs of loss in substantial compliance with the terms of the policy before the commencement of the suit, she cannot recover."

This request was refused, and the defendant took its exception thereto. The instructions given by the court are as follows:

"This is an action brought by the plaintiff, Lexcina C. Thorp, against the defendant, the Western Home Insurance Company, of Sioux City, Iowa, to recover the sum of $300, and interest. The execution of the policy is not a question in this action. It is admitted that the defendant executed this policy of $300 on the property described in the policy, to wit, upon a two-story, frame, shingle-roof building, occupied as a retail grocery store, situated in lot 47, block 32, Paola, Kansas, known as 'Thorp's ladder factory.' The burden rests on the plaintiff to establish her right to recover judgment by a preponderance of the evidence, and to show the amount of loss she has sustained. If the building was insured for the sum of $300, and was a total loss, and the building was of a greater value than the $300, of course the plaintiff, if she was entitled to recover under the terms of the policy, would be entitled to recover the full amount of the policy. And if she is entitled to recover in this action, she will also be entitled to recover 7 per cent. interest from the time that the attempt at settlement was made between her and the adjuster of the company, and the refusal on the part of the company to pay the loss."

These were all the instructions given, except the usual instructions as to weight of evidence. The defendant moved

for judgment on the findings, which motion was overruled, and exception saved. The defendant also moved for a new trial, and gave as its reasons therefor, among others, the following:

"1. Error of law occurring at the trial and excepted to by the defendant.

"2. The court erred in refusing the first special instruction asked by the defendant"—said instruction being the one heretofore copied.

The record does not contain the evidence in the case. Under the provisions of the policy sued on, the plaintiff must establish one of two things in order to recover: (1) She must show that she made proof of loss in substantial

1. Proof of loss or waiver to be shown.

compliance with the terms of the policy before the commencement of the suit; or (2) she must show a waiver of such proof of loss by the company. (*Insurance Co. v. Hathaway*, 43 Kas. 399; *Insurance Co. v. Deford*, 38 Md. 382; *Insurance Co. v. Carpenter*, 4 Wis. 20; *Railroad Co. v. Insurance Co.*, 105 Mass. 570; *Insurance Co. v. Schell*, 29 Pa. St. 31.) The plaintiff does not in terms plead the making of proof of loss; but she makes the general allegation in her petition that she had done and performed all the conditions required of her by the terms of the policy and the schedule thereto attached. This general allegation is equivalent to an allegation, among others in the petition, of proof of loss made in compliance with terms of the policy. (*Tripp v. Insurance Co.*, 55 Vt. 100; *Cassacia v. Insurance Co.*, 28 Cal. 629; *Insurance Co. v. Sweetser*, 116 Ind. 370.) This was denied in the answer, and the jury find that no signed and sworn statement of loss was made. · The language of the jury's answer to the question relating to proof of loss is narrow, but we think that it is equivalent to saying that the plaintiff made written proof of loss. A written statement of loss must be signed, to be identified, and before such statement becomes proof of loss, it must be sworn to. The proof of loss, to even substantially comply with the terms of the policy, must be in writing and verified by an oath. The

plaintiff, having failed to make proof of loss, could not re-
cover in the case unless she was in a position to prove a
waiver of such proof by the company.   Was she in such a
position?   We think not.   There is nothing in the plead-
ings upon the subject of waiver.   The plaintiff could not
prove a waiver without first having plead it. (*Dwelling-
House Insurance Co. v. Johnson et al.*, 47 Kas. 1, and cases
there cited.   Also see the following cases: *Vogel v. Insurance
Co.*, 9 Gray, 23; *Insurance Co. v. Capehart*, 108 Ind. 270;
*Insurance Co. v. Dyches*, 56 Tex. 565; *McCormack v. Insur-
ance Co.*, 78 Cal. 468; *Weed v. Insurance Co.*, 7 Lans. 452.)

3. Evidence;   Evidence cannot be given of matters not within
pleadings;
waiver.   the issues as formed by the pleadings.   In *Gra-
ham v. Trimmer*, 6 Kas. 230, the court says:

"Proof must be confined to the issues made by the plead-
ings, and it is the duty of the court to insist upon a compli-
ance with such rule."

In *Brookover v. Easterly*, 12 Kas. 152, the court again says:

"The first rule governing in the production of evidence is,
that the evidence offered must correspond with the allegations,
and be confined to the point in issue."

It is suggested that as the evidence is not here we may not
determine that proof of a waiver was not in fact made.   We
cannot presume that the rules of evidence were violated in the
trial of the case below, but must presume that the evidence
was confined to the issues, and that, as no waiver was alleged,
none was proved, since it was the duty of the court to confine
the evidence to the issues.

Reference is made in the brief of defendant in error to the
record of this case as brought here before, and now on file in
this court.   That case, however, is no part of this record, and
we are confined to the record in this case.   If counsel had de-
sired to incorporate the former case-made, or any part thereof,
into this record, he should have suggested its incorporation as
an amendment to the case-made as presented by the counsel for
the plaintiff in error, or in some other way made it a part of

the record in this case.   We cannot go outside of the record
in this case to examine the evidence or any other portion of
any other record in this court, unless authorized so to do by
the record in this case.   There is no reference to the former
case-made in this record.   Calling attention to it in the brief
confers no authority on this court to examine it.

The question growing out of the change of occupancy of the
building, after effecting the insurance and before the fire, was
settled when the case was here before (40 Kas. 257).

The court should have given to the jury the instruction
asked.   Its refusal was error.   The instruction asked was
material, and correctly stated the law of the case
upon the question to which it related.   And the
court failed to give any instruction at all upon the question
involved in the instruction refused.

2. Instruction;
refusal, error.

It is recommended that the judgment of the court below be
reversed, and the case sent back for further proceedings.

By the Court: It is so ordered.

HORTON, C. J., and VALENTINE, J., concurring.

JOHNSTON, J.: I dissent.   The record in this case is scant,
and is insufficient to properly raise the questions presented
by the insurance company.   It comes here upon a transcript
which contains none of the evidence, nor any statement of
what the evidence tended to show, and which in fact includes
none of the proceedings of the trial, except such as by statute
constitute a part of the record of the district court.   The judg-
ment sought to be reversed is in favor of Mrs. Thorp, and
every reasonable presumption should be indulged by this
court to uphold it.   The insurance company alleges that the
judgment is erroneous, and it devolves upon it to bring
enough of the proceedings and evidence as will affirmatively
show error, before it is entitled to a reversal and an order for
judgment in its favor upon the findings of the jury.   It is
contended by the plaintiff in error, and stated in the prevail-
ing opinion, that the court erred in refusing an instruction re-
quested by the plaintiff in error, but how that question can be

determined is not easily seen. In the absence of the evidence, or any statement of its purport, this court cannot say that the instructions asked were applicable, and cannot review any errors assigned upon the refusal of instructions asked, nor the giving of those excepted to. (*Leroy v. McConnell*, 8 Kas. 273; *Stetler v. King*, 43 id. 316.)

The next and only other contention of the insurance company is, that the court erred in not giving judgment in its favor upon the special findings of the jury. It is said that the finding in regard to the "account" of loss is inconsistent with the general verdict, and requires the entry of a judgment in favor of the company. All presumptions are in favor of the validity of the findings and verdict, and it is our duty to harmonize them if possible. In response to the question: "Did the plaintiff, before the commencement of this suit, render to the defendant an account of the loss, signed and sworn to?" the following answer was given: "The jury finds no proof in the testimony submitted that the plaintiff made any *signed* and *sworn* statement to the defendant." No other questions respecting proofs of loss were submitted. It will be observed that the jury do not find that proofs of loss were not made by Mrs. Thorp and accepted by the insurance company. It was a building which was insured, and proof of its loss by fire would be easily made by the owner and readily accepted by the company. For all that is shown, an account of loss not signed and not sworn to may have been made to and accepted by the company without question. If the adjuster or representative of the company was present when the fire occurred, or came upon the ground soon after its occurrence, very little proof would have been sufficient to satisfy him that the house was destroyed. An unsigned and unsworn statement would probably have been deemed sufficient; and if the evidence was here showing such to have been the fact, it would be conceded that the answer of the jury was not inconsistent with the verdict, and that the company was not entitled to judgment on the finding. From the charge of the court, it appears probable that the company had suffi-

cient notice and proofs of loss, for it is recited that the adjuster was present and attempted a settlement of the claim. If the company accepted imperfect proofs, and recognized the loss, no stricter or other proof would be necessary. Then, again, if no proofs of loss of any kind were presented, it may be that the same were waived by the action of the company. It is said that the pleadings would not admit of such proof; but if the proof was offered and received without objection, we would not hesitate to treat the pleadings as amended to that extent. There is a qualified statement in the petition respecting the performance of the conditions of the policy by Mrs. Thorp. It recites that she performed all the conditions "required to be done and performed by the said plaintiff, to entitle her to the payment of said amount of loss so sustained by said plaintiff, and to render the said defendant liable to pay the same."

The company answered by a general denial, and then specially alleged as a defense that one of the conditions of the policy respecting the occupancy of the building had been violated; but there is no allegation that the condition respecting proofs of loss had not been observed. But if the pleadings are construed strictly, so as to require an amendment before proof of a waiver could be offered over an objection of the company, how can it be said that any such objection was made? Of course, if the question of waiver was a matter of dispute, and the plaintiff relied on the waiver to maintain his action, it must be pleaded before testimony of such waiver can be received over the objections of the company. (*Insurance Co. v. Johnson*, 47 Kas. 1; same case, 27 Pac. Rep. 100.) "Where no objection is made to the introduction of evidence, no material error is committed by permitting its introduction." (*Grandstaff v. Brown*, 23 Kas. 176.) If the company recognized the loss, and testimony of that fact was given, as the instructions of the court would seem to indicate, it would cure a defective allegation in the petition, and would warrant us in treating the petition as amended so as to make it uphold the judgment that was given. This court has frequently

treated the pleadings as amended for the purpose of upholding the judgment, although no formal amendment was made or requested in the trial court. (*Railway Co. v. Caldwell*, 8 Kas. 244; *Baird v. Truitt*, 18 id. 124; *Gas Co. v. Schliefer*, 22 id. 470; *Grandstaff v. Brown*, 23 id. 178; *Organ Co. v. Lasley*, 40 id. 521; *Jung v. Liebert*, 44 id. 304.)

Counsel cite us to the evidence in the record of the former review of the case in this court, making it appear that that evidence was used upon the last trial; and if we could look into that testimony there would probably be no difficulty in sustaining the verdict and findings; but we cannot look beyond what is contained in the record of the present proceedings in error. (*Railroad Co. v. Andrews*, 34 Kas. 563.) The burden, however, is on the insurance company to show error. A mere inference or presumption is not sufficient to overthrow the verdict. "Error is never presumed, but must always be affirmatively shown." (*Lucas v. Sturr*, 21 Kas. 482.) As before stated, all presumptions are to be construed in favor of the correctness of the findings and judgment of the court. We should presume, therefore, in support of the judgment, that, while a signed and sworn "account" of the loss was not given, such an "account" or proof of loss was made as was satisfactory to the company and its adjuster. I think we may also fairly presume, for the purpose of upholding the judgment, that the testimony respecting the proofs of loss, or the recognition of the loss by the company, was received in evidence without objection, and that all of the parties treated the pleadings as sufficient to warrant the introduction of the testimony, and that if an amendment can be regarded as necessary, we may, like the parties, treat the case as though an amendment was made.

I do not think the court erred in refusing to enter judgment in favor of the insurance company upon the special findings, nor do I see any sufficient grounds for a reversal.