SARAH GILLETT v. THE BURLINGTON INSURANCE COMPANY.

1. INSURANCE—*Condition of Policy—Waiver—Pleading.* Where a party seeking to recover on a contract of insurance relies upon a waiver of an important condition of the contract by the insurer, he should definitely set forth such waiver in his pleadings, and, unless this is done, proof to establish the same cannot be received.

2. INCOMPETENT EVIDENCE—*Rulings.* Where incompetent testimony is received over objection, it is within the province of the court to correct such error at any time before the final disposition of the case; and, upon a demurrer to plaintiff's evidence, it is not improper for the court to strike out or to disregard such incompetent testimony.

*Error from Greenwood District Court.*

ACTION on a policy of insurance by *Sarah Gillett* against the *Burlington Insurance Company.* There was judgment for defendant, on demurrer to the evidence, and plaintiff brings error.

*T. L. Davis,* for plaintiff in error:

The proof was ample that the notice required by the terms of the policy was given. I insist that a waiver by the company of proof of loss was as clearly proven. That some

person representing himself to be the agent of the defendant company went to see the plaintiff, about the 1st of September, 1888 — within 60 days after the loss, that having occurred on the 21st day of July, 1888 — and had the conversation with her, as testified to by her, there can be no question. That person said to her that he was an adjusting agent of the defendant company. True, the fact of agency cannot be proved by proof of the oral declarations of the supposed agent himself, provided such evidence is met with proper objections. But no proper objection was made by defendant to the plaintiff's testimony as to what the person said to her about his being its agent. "Where no objection is made to the introduction of evidence, no material error is committed by permitting its introduction." *Grandstaff v. Brown*, 23 Kas. 176.

See, also, *Brumbaugh v. Schmidt*, 9 Kas. 117; *Johnson v. Mathews*, 5 id. 118; *Marshall v. Shibley*, 11 id. 114; *Willis v. Sproule*, 13 id. 257; *Luke v. Johnnycake*, 9 id. 511; *K. P. Rly. Co. v. Pointer*, 9 id. 620; *Humphrey v. Collins*, 23 id. 549; *Stout v. Baker*, 32 id. 113; *Joseph v. National Bank*, 17 id. 256; *Botkin v. Livingston*, 16 id. 41; *K. P. Rly. Co. v. Cutter*, 19 id. 83.

Upon the question as to what constitutes a waiver, I submit these propositions: "Evidence that the company's adjuster made an offer to compromise the claim for insurance is admissible to show waiver of proof of loss." *Dwelling House Ins. Co. v. Green*, 19 Atl. Rep. (Pa.) 793; 26 W. N. C. 168. See, also, *Fire Ins. Co. v. Allen*, 1 S. Rep. (Ala.) 202; *Insurance Co. v. Warehouse Co.*, 93 W. S. 527–546; *Owen v. Farmers' Ins. Co.*, 57 Barb. 518; *Raumoge v. Mechanics' Ins. Co.*, 13 N. J. L. 110; *Insurance Co. v. Sheets*, 26 Gratt. 854.

Under the rules laid down by this court, the court below erred in sustaining the demurrer to the evidence. See *Bequillard v. Bartlett*, 19 Kas. 382; *Brown v. A. T. & S. F. Rld. Co.*, 31 id. 1; *Wolf v. Washer*, 32 id. 533; *Christie v. Barnes*, 33 id. 317.

*Quinton & Quinton,* for defendant in error:

We respectfully submit that it was incumbent upon the plaintiff below to prove an absolute performance of all conditions of the policy required to have been performed by her, and that the proofs of loss were not made within 60 days, as required by the policy. The policy introduced in evidence, and the proofs of loss introduced by the plaintiff, showed that nearly 90 days had expired before she had made proofs of loss, consequently showing that the plaintiff was not entitled to recover. *Insurance Co. v. Johnson,* 47 Kas. 1.

We submit that the court committed no error in sustaining the demurrer to the evidence, and ask that the same be affirmed.

The opinion of the court was delivered by

JOHNSTON, J.; This was on action against the Burlington Insurance Company upon a contract of insurance with Sarah Gillett, which provided that, in case of loss by fire, proofs of the same should be delivered to the secretary of the company within 60 days next after such loss occurred. The property insured was destroyed by fire, but the proofs were not furnished within the prescribed time, and there was a provision in the contract that neglect or failure in this respect would defeat a recovery upon the policy. In the action brought, no waiver of any of the conditions of the policy was pleaded, but, instead, the plaintiff alleged that every condition had been duly observed and performed by her. The answer of the company specifically alleged that the required notice of loss was not given, but this was denied in the reply, and still there was no suggestion of any waiver. When the testimony was offered, it clearly showed a violation of the conditions of the policy with respect to the proofs of loss, and the court, upon demurrer to the evidence, held that plaintiff had not established a right of recovery. An attempt to prove a waiver was made, and the plaintiff now insists that there was some testimony of waiver, and sufficient to carry the case to

the jury. The difficulty with this contention is, that the pleadings did not justify proof of waiver or estoppel. If the insured meant to rely upon a waiver of this condition of the policy, it was her duty to have definitely set it forth in her petition or reply, but as the issues are framed, the company had no notice that she would make any claim of waiver or estoppel. It has often been declared by this court that acts, representations and conduct relied on as an estoppel should be specifically pleaded before evidence to establish the same can be received. (*Insurance Co. v. Johnson*, 47 Kas. 1; *Insurance Co. v. Thorp*, 48 id. 239.) If proof of this character had been warranted by the pleadings, we would still be compelled to hold that the proof offered was incompetent to show a waiver by the company.

*1. Insurance— condition of policy—waiver —pleading.*

At the trial the insured was asked "whether or not, at any time after the property was destroyed, anything was said to her by anybody with reference to settling the loss." Instead of giving an affirmative or negative reply, she proceeded to state that a gentleman called on her, who said that he was an adjusting agent of the insurance company, and proceeded to give the conversation, when counsel for the company objected that her statements were "not in answer to the question — no connection between this party that came there and this case has been established." The objection was overruled, and the witness proceeded to state some facts tending to establish a waiver. The testimony was incompetent, first, because it was not within the issues of the case; and second, that the declarations of a supposed agent are not admissible to prove agency. It is conceded the testimony was incompetent to prove agency, but it is claimed that no proper objection was made, and therefore it should have been considered by the trial court as true, and upon this assumption the demurrer to the plaintiff's evidence should have been overruled. Although the objection was not as specific as it might have been, the admissibility of the testimony was fairly challenged and the objection should have been sustained. It was within the

2. Incompetent evidence—rulings.

province of the court to correct the error at any time before the final disposition of the case, and it was not improper to strike out or to disregard the incompetent testimony, upon the demurrer to the evidence. As the plaintiff failed to establish an essential element of her case, it must be held that the district court ruled correctly in sustaining the demurrer.

Judgment affirmed.

All the Justices concurring.