THE WESTCHESTER FIRE INSURANCE COMPANY v. W. T. COVERDALE.

No. 528.* (58 Pac. 1029.)

1. PRACTICE, DISTRICT COURT—*Certificate to Case-Made.* A finding made and entered in the case-made by the judge while settling and signing such case, showing that notice has been given, is sufficient, *prima facie,* to prove the fact that such notice was given. (*Haynes v. Cowen,* 15 Kan. 637, 645, 646.)

2. ———— *Rules of Evidence—Proof of Waiver.* The evidence in a cause must be confined to the issues as framed by the pleadings. A waiver cannot be proved unless it is within the issues made by the pleadings. (*Insurance Co. v. Thorpe,* 48 Kan. 239, 28 Pac. 991.)

3. FIRE INSURANCE—*Proofs of Loss—Evidence.* Where a policy of insurance provides that in case of loss the insured shall, within thirty days thereafter, render to the insurer a particular account of such loss, by separate items, and proof thereof signed and sworn to, the insured cannot, in an action upon such policy, recover without showing that proof of loss, in substantial compli-

*Petition for order to certify allowed by supreme court January 6, 1900.—REP.

ance with the terms of the policy, has been rendered before the expiration of the time provided or that the company has waived such proof.

4. ———— *Waiver of Proofs—Time.* A waiver, to be operative, must take place before an action is brought upon the policy, and, it would seem, before the time for supplying such proof has expired. (*Smith v. The State Insurance Co.*, 64 Iowa, 716, 21 N. W. 145.)

Error from Sumner district court; J. A. BURNETTE, judge. Opinion filed November 20, 1899. Reversed.

*E. F. Ware*, for plaintiff in error.

*C. E. Elliott*, and *H. L. Woods*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This was an action to recover upon a policy of insurance which contained, among others, the following provision:

"VII.—*Proceedings in case of loss.* PROOF.—The assured under this policy sustaining loss or damage by fire shall forthwith give notice in writing of said loss to the company, and within thirty days thereafter render a particular account, by separate items, and proofs thereof, signed and sworn to by the said assured, setting forth:

"1. A copy of the written portion of this policy and all indorsements thereon.

"2. Other insurance, if any, on same property, or any portion thereof, with copies of written portion of each policy, and indorsements thereon.

"3. The actual cash value of the subject insured at the time immediately preceding the fire.

"4. The ownership of the property insured, and the interest of the assured in same.

"5. For what purpose and by whom the building herein described, or containing the property herein specified, and the several parts thereof, were used at the time of the fire.

Insurance Co. v. Coverdale.

" 6. The date of the loss, and the amount thereof.

" 7. How the fire originated, so far as the assured know or believe."

In his petition, the plaintiff averred that he had " at all times kept and performed all the covenants, promises and conditions in said policy of insurance contained, and upon his part to be kept and performed."

Defendant, in its answer, among other grounds of defense, alleged " that the plaintiff gave no notice of the fire and made no proof of loss as required by the policy." Plaintiff filed a reply to defendant's answer denying " each and every allegation of new matter in said answer of defendant contained," and, upon the issues thus made up, the parties proceeded to trial. The jury found for plaintiff and judgment was rendered by the court in his favor; defendant brings the case to this court and asks that such judgment be reversed.

Defendant in error has filed a motion to dismiss the petition in error herein upon the ground and for the reason that there is nothing to show "whether any amendments were suggested, or that the plaintiff had none to offer; that there is nothing to show where the case was settled and signed and it has no date; it does not show that the plaintiff or his attorneys were present or that they knew when to appear." The certificate of the judge to the case-made is as follows:

"SUMNER COUNTY, STATE OF KANSAS, ss.

"I, J. A. Burnette, judge of the nineteenth judicial district, do hereby certify that the foregoing is a true case-made, and, upon due notice, do settle and sign the same and cause it to be attested by the clerk of the district court of Sumner county, and the seal of said court to be attached to it, and order it to be filed with the papers in the case.             J. A. BURNETTE,
                                    Judge District Court Nineteenth
"Attest: J. D. SIMPSON,      Judicial District of Kansas.
    Clerk District Court, Sumner County, Kansas."

It will be observed that the judge certifies that the case is "*upon due notice*" signed, settled, and allowed. In the case of *Gross v. Funk*, 20 Kan. 655, the court held that "where the judge of the court, in the absence of the adverse party, and without any objection from him or from any other person, settles and signs the case upon such a notice, and nothing further is done concerning the same, the supreme court will, in the absence of other irregularities, treat the case as valid."

"A finding made and entered in the case-made by the judge while settling and signing such case, showing that such notice has been given, is sufficient evidence, *prima facie*, to prove the fact that such notice was given." (*Haynes v. Cowen*, 15 Kan. 637, 645, 646.)

The defendant in error has not shown, by affidavit or otherwise, that notice was not served, and the motion will be overruled.

While several assignments of error are set out in the brief of plaintiff in error, we think that it will be sufficient for the purposes of this opinion if we consider the second and third only, which are as follows : (2) In allowing plaintiff to prove a waiver when no waiver was pleaded in the petition ; (3) in overruling demurrer to evidence."

Mr. Coverdale, the plaintiff, testified, in substance, that about ten days after the fire he was called upon by a Mr. Kellar, who was the adjuster of the defendant insurance company. Kellar proceeded to question him about the building burned, what it was worth, its size, etc. The answers to the questions were reduced to writing by Kellar and signed by Coverdale. Kellar then told Coverdale that that was all that was necessary ; that the papers would be sent to the company and that Coverdale might expect to receive the

money in a week or ten days — two weeks at the out-side.  Defendant moved to strike out all testimony of
Coverdale as to the conversation and transactions had
by him with Kellar, for the reason that it was incom-petent, irrelevant, and sustained no issue raised by the
pleadings in the case ; that it was sought by the testi-mony to establish a waiver ; that a waiver cannot be
proved in that way, nor under the allegations of the
petition, and the jury should be instructed not to con-sider it.  This motion was overruled and plaintiff in
error contends that such ruling was erroneous.

In order to recover, the plaintiff must have proved
that proofs of loss were made, or that the insurance
company waived such proofs.  ( *Insurance Co. v. Thorp*,
48 Kan. 239, 28 Pac. 991.)  Counsel for plaintiff in
error contends that the evidence to which objection
was made tends to prove a waiver, and counsel for
defendant in error, in a very able argument, deny
that such evidence tends to establish a waiver, and seek
to show that it tends to prove that proofs of loss were
submitted which, while not conforming strictly to the
provisions of the policy, were yet proofs of loss.
Plaintiff did not plead that proofs of loss had been
waived by the company, and if the evidence in ques-tion tended to prove a waiver the motion to strike out
such evidence should have been sustained.  (*Insurance
Co. v. Thorp*, supra.)  After a careful consideration
of the evidence, we are forced to the conclusion that
it tended to prove a waiver and did not tend to show
that proofs of loss had been submitted.  We find the
following provision in the policy sued upon :

"And the assured shall, if required, submit to an
examination, under oath, by any person appointed by
the company—either before or after furnishing the
proof herein required — touching all questions relat-ing to the claim, and subscribe to such examination

when reduced to writing ; and shall also produce their books of account and other vouchers, including certified copies of all bills and invoices, where the originals have been lost or mislaid, and exhibit the same for examination or copying to any person named by the company, and also show what remains of the property insured, damaged or undamaged.''

The defendant therefore had the right, under the terms of the policy, to require the insured to submit to an examination and to subscribe to such examination, when reduced to writing, and the insured would not thereby be relieved from complying with the provisions of the policy in reference to making proof of loss. In order to recover, plaintiff must show that he has made proofs of loss in substantial compliance with the provisions of the policy.

''A written statement of loss must be signed to be identified, and, before such statement becomes proof of loss, it must be sworn to. The proof of loss, to even substantially comply with the terms of the policy, must be in writing and verified by an oath.'' (*Insurance Co. v. Thorp*, supra.)

A careful examination of the record fails to disclose any evidence that proof of loss was made in substantial compliance with the terms of the policy—indeed, the evidence clearly shows that such proof was not submitted—and the demurrer to the evidence should therefore have been sustained.

The jury, in answer to a special question submitted by defendant, found that proof of loss had been made, but as this finding was not supported by any evidence, the motion of defendant to strike out the answer should have been sustained.

Defendant in error contends that as plaintiff in its answer, as one ground of defense, pleaded the statute of limitations, and as another ground of defense pleaded,

McDonald v. Grice.

in substance, that the policy was void at the time the fire occurred, it thereby waived any right to object upon the ground that proofs were not furnished. This contention is not well grounded. "A waiver, to be operative, must take place *before* an action is brought upon the policy, and, it would seem, before the time for supplying the proofs under the policy has expired." (Wood, Fire Ins. § 452, p. 971; *Smith v. The State Insurance Co.*, 64 Iowa, 716, 21 N. W. 145.)

The judgment of the district court is reversed.