No. 19,955.

GRACE ALLEN, *Appellee*, v. M. S. GHEER, *Appellant*.

SYLLABUS BY THE COURT.

1. SALE OF REAL ESTATE—*Default of Purchaser—Waiver—Pleadings.* The rule that a waiver of a right of forfeiture must be pleaded before it can be considered does not apply when evidence tending to show the waiver is introduced without objection, and when the testimony of the defendant who is insisting on the forfeiture tends to show a waiver, and when his request for the submission of special questions on the subject of waiver is allowed.

2. SAME—*Repudiation of Contract—Instructions.* When a vendor of real estate, under a contract of sale and to convey title when payments are completed, by his course of conduct has waived the default of the

Allen v. Gheer.

vendee and the vendee's assignee, and wrongfully recovers possession of the property, and the vendee's assignee commences an action for damages thereon, it is not error for the court to instruct the jury that "both parties are seeking to treat the contract in question as repudiated."

3. SAME — *Repudiation of Real-estate Contract — Measure of Damages.* Where a vendor of real estate receives a payment on the purchase price and afterwards repudiates the contract and wrongfully recovers possession of the property, and the vendee elects to treat the contract as repudiated, the measure of damages, where no other elements of damage are established, is correctly defined to be the amount paid on the purchase price less the rental value of the property while in possession of the vendee.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed June 10, 1916. Affirmed.

*J. B. Larimer,* and *Hugh T. Fisher,* both of Topeka, for the appellant.

*J. J. Shenck,* of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: On October 15, 1913, the defendant, M. S. Gheer, made a written contract with D. L. Allen for the sale of a house and six acres of land in a subdivision near Topeka for $4000. Allen paid $500 on the purchase price, and the contract provided that Allen was to pay the taxes, interest, etc., as they became due, and further provided:

"And it is hereby agreed and covenanted by the parties hereto, that time and punctuality are material and essential ingredients in this contract."

Allen took possession of the property and Gheer went away to California. Some time afterwards Allen assigned the contract to his wife. The taxes due in December, 1913, were not paid by the Allens, and they were paid by Gheer's banker to protect his interest. About March 1, 1914, the plaintiff, Mrs. Allen, rented the property to John Spurrier, and he took possession. Gheer returned from California on March 9. Some days later he visited the property and found it in a dilapidated condition, very different from what it was when he had given possession to Allen. About March 20 Gheer called Mrs. Allen by telephone. Her father answered the call, and Gheer told him who he was, and inquired "what they were going to do in

regard to the place; that the taxes were not paid and the place not well kept." Gheer met Mrs. Allen about March 24 and once or twice afterwards with a view of effecting a settlement. Gheer paid $20 to Spurrier, the tenant, to vacate the premises, and thus obtained possession about March 31. About April 10 Mrs. Allen offered Gheer the December half of the taxes, and he told her to settle with his attorney, but did not inform her who was his attorney. About April 15 Mrs. Allen's father, on her behalf, tendered Gheer the interest then due on the contract. Again Gheer told him to settle with his attorney.

Thereupon the plaintiff treated the contract as broken by Gheer, and on April 22 she filed this action for damages, and from a verdict and judgment for $451.50 in her favor the defendant appeals.

The errors assigned chiefly relate to the instructions.

1. It is first insisted that it was error to give the instruction that even if there was a default the plaintiff could recover if the default was waived. The soundness of this proposition of law is not disputed, but it is contended that since this waiver was not pleaded it was erroneous to permit its consideration. In support of the motion for a new trial the defendant and his counsel filed affidavits, reciting, "that at no time until the court actually read the instructions given to the jury, was there any suggestion made in said case by any one that the plaintiff or her attorney claimed that there was any question of a waiver of the default in the contract."

While the general proposition contended for by defendant is correct, that a waiver can not be proved unless pleaded, we think that he should have raised that objection when the evidence was offered. If he did so, no error is assigned thereon. Much of the evidence related to defendant's conduct and course of dealing with the plaintiff after his return from California which tended to show waiver, and its relevancy does not otherwise appear. Nor could it have been much of a surprise to defendant that the court instructed the jury on the question of waiver, for the defendant was ready with special questions on that phase of the case. These were allowed and answered:

"6. Did defendant waive the default in payment of the taxes for 1913? Ans. Yes.

Allen v. Gheer.

"7. If you answer the last question in the affirmative then state definitely and in detail all acts or statements you find of defendant that constituted such waiver and when the same occurred? Ans. Failure to take prompt action on March 9, 1914, on defendant's return from California. That plaintiff tendered the taxes for 1913 to the defendant and that he told her to pay same to The Shawnee State Bank. Offer of defendant to pay plaintiff $100.00 on the surrender of her contract. Defendant's attempt to communicate by telephone with plaintiff on the subject of the contract. Defendant's statement to Linge that if plaintiff would live up to her part of the contract he would live up to his part."

Furthermore, if this question of waiver was indeed a surprise to defendant, he might have asked and obtained leave to introduce testimony to contradict the evidence of waiver. If such evidence was not at hand, an adjournment or continuance should have been requested. But, as we read the abstracts, the testimony of Gheer himself went far to prove a waiver, and under the circumstances of this case we can not sanction a reversal for failure to plead a waiver nor on account of the instructions, correct in themselves, which related thereto.

"A new trial shall not be granted as to any issues in a case unless on the pleadings and all the evidence offered at the trial and on the motion for a new trial the court shall be of the opinion that the verdict or decision is wrong in whole or in some material part." (Civ. Code, § 307.)

"The appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court; and in any case pending before it the court shall render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court." (Civ. Code, § 581.)

While the cases cited by appellant, *Insurance Co. v. Johnson,* 47 Kan. 1, 27 Pac. 100; *Insurance Co. v. Thorp,* 48 Kan. 239, 28 Pac. 991; *Walker v. Insurance Co.,* 51 Kan. 725, 33 Pac. 597; and *Gillett v. Insurance Co.,* 53 Kan. 108, 36 Pac. 52, all hold that a waiver must be pleaded, yet they were all decided before the promulgation of the new code. Moreover, the dissenting opinion in *Insurance Co. v. Thorp,* supra, decided in 1892, clearly foreshadowed the modern tendency, and the one which, at least with the aid of the new code, may be now said to have been crystallized into established law. It was there said:

"Of course, if the question of waiver was a matter of dispute, and the plaintiff relied on the waiver to maintain his action, it must be pleaded

before testimony of such waiver can be received over the objections of the company. (*Insurance Co. v. Johnson,* 47 Kan. 1, 27 Pac. 100.) 'Where no objection is made to the introduction of evidence, no material error is committed by permitting its introduction.' (*Grandstaff v. Brown,* 23 Kan. 176.) If the company recognized the loss, and testimony of that fact was given, as the instructions of the court would seem to indicate, it would cure a defective allegation in the petition, and would warrant us in treating the petition as amended so as to make it uphold the judgment that was given. This court has frequently treated the pleadings as amended for the purpose of upholding the judgment, although no formal amendment was made or requested in the trial court. (*Railway Co. v. Caldwell,* 8 Kan. 244; *Baird v. Truitt,* 18 Kan. 124; *Gas Co. v. Schliefer,* 22 Kan. 470; *Grandstaff v. Brown,* 23 Kan. 176, 178; *Organ Co. v. Lasley,* 40 Kan. 521, 20 Pac. 228; *Jung v. Liebert,* 44 Kan. 304, 24 Pac. 474." (p. 247.)

In *Forney v. Insurance Co.,* 87 Kan. 397, 124 Pac. 406, it was said:

"The defendant insists that the question of waiver was improperly submitted because not within the issues formed by the pleadings, and also because it was unsupported by the evidence. As the petition did not allege that the insured had performed all the conditions of the contract but simply that the policy was in full force at his death, the logical effect of such allegations would be that the premiums had been paid or their nonpayment had been waived. A motion might have required the plaintiff to set forth whether it was in full force by reason of payment or because of waiver (*Benefit Association v. Wood,* 78 Kan. 812, 98 Pac. 219), but no such motion was made. No application appears to have been made for further time on account of injecting this issue into the case, nothing appears from the record to indicate that the company was injuriously surprised thereby or deprived of the use of any desired or necessary evidence; and as the case was fully tried and all the testimony submitted, the error, if any, does not appear to have been materially prejudicial." (p. 401.)

In this view of the case, the failure to plead the waiver of the right to forfeit the contract can not justify a reversal of this case.

2. Exception is taken to an instruction in which the court said: "Both parties are seeking to treat the contract in question as repudiated." We think this was an accurate statement. The plaintiff treated the contract as repudiated by the defendant and based her action for damages thereon. The defendant treated the contract as broken by the failure to pay the taxes, and through a bargain with the plaintiff's tenant he recovered the possession of the property. While it is true that the con-

tract gave him that right, if promptly exercised, on plaintiff's default, the exercise of that right was nevertheless a termination of the contract relation between the parties.

3. Nor was there error in the measure of damages as defined by the trial court. The general finding, with which the special findings completely harmonize, was in favor of plaintiff, and therefrom it must be deduced that the reëntry by defendant was wrongful. He kept the plaintiff's money, and without right took back the property. The very least he should do is to repay the $500. In this case, the rule that the value of the property at the time of the breach is the basis for the measure of damages has no application. The court's instruction reads:

"14. Under the pleadings in this case both parties are seeking to treat the contract in question as repudiated and at an end so far as carrying out the terms of the same is concerned. If under the instructions given and the facts you find for the plaintiff, then I instruct you that the measure of her recovery is the $500 paid to the defendant on account of the purchase price of said property at the time of making the contract with interest at the rate of six per cent per annum from the date the defendant took possession of the premises, less the fair rental value of said premises from the time of delivery of possession of the same by defendant to D. L. Allen up to the date when defendant again took possession."

The plaintiff was entitled to recover the purchase price. (*Kimball v. Bell,* 47 Kan. 757, 28 Pac. 1015; *Kimball v. Bell,* 49 Kan. 173, 30 Pac. 240; *Robertson v. Talley,* 84 Kan. 817, 115 Pac. 640; *Monger v. Effland,* 87 Kan. 710, 125 Pac. 46; 39 Cyc. 2001, 2003.) If the matter had been pressed on the attention of the court and jury that the property had deteriorated in value while in possession of the Allens, through their fault as testified by the defendant, that of course could have been considered in diminution of damages, but apparently no allowance was asked on that account.

After careful consideration of all the errors assigned we can not see our way clear to disturb this judgment, and it is therefore affirmed.