## HUNTER MILLING CO. v. KOCH.

### No. 1314.

Circuit Court of Appeals, Tenth Circuit.

March 30, 1936.

Glen A. Wisdom, of Kansas City, Mo. (Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs, and R. H. Nelson, all of Wichita, Kan., on the brief), for appellant.

George Siefkin, of Wichita, Kan. (Jacob A. Markel and Gertrude F. Markel, both of Pittsburgh, Pa., and Robert C. Foulston, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, and C. H. Morris, all of Wichita, Kan., on the brief), for appellee.

Before LEWIS and BRATTON, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge.

This was a suit to recover damages on the part of appellee, plaintiff in the court below, growing out of the cancellation of contracts with the appellant, defendant in the court below, for sale and delivery of flour. The case was tried to a court and jury resulting in a verdict of $12,500 in plaintiff's favor, upon which judgment was entered, and the defendant appeals.

In 1932 plaintiff and defendant entered into a number of contracts for the sale and delivery of flour, but those contracts

dated October 19 and November 14, 1932, are the only ones here directly involved. These contracts provided for the shipment and delivery of the flour according to delivery orders to be given by the plaintiff on or before May 1, 1933. Difficulty arose between the parties as to the manner in which the plaintiff was placing orders for the delivery under the terms of the contracts, resulting in the cancellation of the contracts by the defendant on May 1, 1933; no part of the 10,000 barrels covered by the contracts having been ordered out by the plaintiff at the time the contracts by their terms had expired. The plaintiff thereupon sued the defendant for the alleged damages sustained by virtue of said cancellation alleging as the basis of said claim that the defendant had waived the performance of the contracts as to time of delivery, and specifically pleaded certain letters written by the defendant to the plaintiff as the basis for the alleged waiver dated October 19, 1932, January 21, 1933, March 20, 1933, March 25, 1933, and April 15, 1933, claiming assertion thereby that the plaintiff might have additional time after May 1, 1933, within which to comply with the terms of the contracts by giving orders for the shipment of the flour. The defendant first demurred and, upon the demurrer being overruled, answered, setting out the various transactions between the parties and placing in issue the allegations of the petition concerning any waiver on its part as to the time of delivery under the terms of the contracts. The case thereupon proceeded to trial and the plaintiff introduced the letters set forth in the petition as the evidence of the waiver, at which time a subsequent letter of the defendant to the plaintiff under date of April 22, 1933, was produced by the defendant and by the plaintiff introduced in evidence. The plaintiff as a witness upon the stand, was asked concerning oral conversations with the manager of the defendant company and at first appeared to be somewhat hazy about his recollection as to the times when said conversations took place. The record tends to disclose that at this point the trial court indicated that the plaintiff's proofs by virtue of the letters were insufficient to establish waiver on the part of the defendant. Later, and after an intermission in the trial, plaintiff testified to alleged specific telephonic conversations with the manager of the defendant on or about April 24th, after the receipt of defendant's last letter, by which it was represented that the manager stated that the plaintiff might have up to the first of July, 1933, within which to complete his contracts, and that the calls had been made from Pittsburgh, he paying the tolls himself. To all of this parol testimony or oral evidences of waiver, the defendant objected upon the ground that it purported to vary the contents of written instruments, that the conversations were not within the issues of the case, and that they were irrelevant and incompetent, which objections the court overruled and the defendant reserved exceptions. After the overruling of plaintiff's objections to the introduction of this testimony, the plaintiff's manager in defense testified that no such conversations were had. The principal contention urged by the defendant as the basis of error is the introduction of this oral testimony as to waiver on the part of the defendant.

In 27 R.C.L. pp. 909, 910, the rule concerning waiver well supported by authority is laid down in the following language: "To make out a case of waiver of a legal right there must be a clear, unequivocal, and decisive act of the party showing such a purpose or acts amounting to an estoppel on his part. A waiver, to be operative, must be supported by an agreement founded on a valuable consideration, or the act relied on as a waiver must be such as to estop a party from insisting on performance of the contract or forfeiture of the condition."

In the case at bar it is apparent that there was no proof of consideration supporting the waiver contended for by plaintiff, so that reliance must be based upon the acts of the defendant being of such a nature as to estop it from canceling the contracts. An examination of the letters pleaded in the petition as the basis of the alleged waiver, together with the additional letter of April 22d, clearly shows that no waiver amounting to estoppel was established by virtue of these letters. When analyzed, the most that can be said of them is that the defendant was repeatedly calling attention to the failure of the plaintiff to give orders for the flour in amounts which would be reasonably sufficient to complete the contracts before the date of their expiration. The mention of July and August dates in the letters was to emphasize the slowness with which the orders were coming in and that at the rate

the plaintiff was ordering it would not be possible to complete the contracts until long after the first of May. In the letter of April 22d specific attention was called to the plaintiff that the contracts would expire on May 1st and that the contracts could not be carried along as had been done on previous contracts without some definite arrangement being made, which with reference to former letters alluded to the payment of carrying charges, and specifically requesting the plaintiff to advise the defendant with reference to the various matters referred to. At no place in these letters is there to be found a specific statement that the plaintiff might have a time after May 1st within which to carry out the terms of the contracts. A case somewhat analogous in facts and circumstances is Kann v. Wausau Abrasives Co., 85 N.H. 41, 153 A. 823, where the court held that the cancellation of a contract must be sustained where the evidences of waiver were similar to those presented by the letters pleaded in plaintiff's petition. It follows that without the introduction of oral testimony the plaintiff had failed to establish his case as to the waiver, which the trial court clearly indicated and which the plaintiff himself evidently felt, else he would not have resorted to the conversations subsequent to the letters relied upon in the pleading.

This brings prominently to the fore the significance of the admission of the oral testimony as a specific and independent basis for establishing waiver. It is apparent that under these circumstances the defendant must have been surprised and misled as it nowhere appeared in the pleadings that resort would be had to anything other than the written communication relied upon as the evidence of the waiver claimed. It is the plaintiff's contention that the introduction of the conversations was at most a variance from the pleading and that under the Kansas statute, no showing having been made that the defendant was prejudiced or in what respect he had been misled, that there was no error on the part of the trial court in permitting this evidence to go to the jury. The Kansas statute, known as R. S., 60—753, reads as follows: "No variance between the allegations, in a pleading, and the proof is to be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits.

Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just."

There can probably be no dispute that so far as this statute is applicable, it is controlling in the Federal courts. Pope v. Allis, 115 U.S. 363, 6 S.Ct. 69, 29 L. Ed. 393. The question of waiver and likewise the question of variance between pleading and proof both before and after the adoption of this statute, have been closely associated by reason of the fact that waiver has been frequently discussed by the Kansas Supreme Court in connection with variance between pleadings and proofs. As to the matter of pleading waiver when sought to be availed of as a basis of asserted right, the rule in Kansas would seem to have remained static under the decisions of the Kansas courts, in that it is held such pleas must be specific. In Insurance Co. v. Johnson, 47 Kan. 1, 27 P. 100, at page 102, the court uses the following language: "It is uniformly held that a waiver or estoppel must be specially pleaded before evidence to establish the same can be admitted. Under our Code the facts relied upon as a ground of action or defense must be clearly and concisely stated, and a definite issue presented, so that the opposite party may not be taken by surprise upon the trial, but may be fairly notified of what he is required to meet. The new matter introduced in this case was not put in issue by the pleadings, and the company may, as they allege, have been taken by surprise, and wholly unprepared with their proof to contest the new issue. Neither the evidence introduced nor the instructions based thereon are warranted under the pleadings as they exist, and before they can be properly received the reply must be amended."

In connection with the question of estoppel, in Langston v. Hoyt, 108 Kan. 245, 194 P. 654, at page 657, the court says: "If it was a contract material to the issue, it should have been pleaded, and, if an estoppel, it likewise should have been specially pleaded, and a definite issue presented so that the defendant could have made preparation to meet it. Insurance Co. v. Johnson, 47 Kan. 1, 27 P. 100;

*Palmer Oil & Gas Co. v. Blodgett,* 60 Kan. 712, 57 P. 947. Under the pleadings evidence of the agreement was inadmissible and should have been excluded on defendant's objection. It may be noted that no motion was made by plaintiff to amend the pleadings so as to conform with the proof of the subsequent contract upon which the judgment was based, and, even if it had been made, its allowance at the end of the trial to conform to proof objected to and not within the issues pleaded would not have been in furtherance of justice."

In *Johnson v. People's National Bank,* 130 Kan. 379, 286 P. 214, at page 216, a comparatively recent case decided in 1930, the court says: "To be available as estoppel, it is settled that acts, representations, and conduct relied on as an estoppel must be specially pleaded. *Insurance Co. v. Johnson,* 47 Kan. 1, 27 P. 100; *Palmer Oil & Gas Co. v. Blodgett,* 60 Kan. 712, 57 P. 947; *Langston v. Hoyt,* 108 Kan. 245, 194 P. 654."

Decisions in regard to estoppel are pertinent and controlling in view of what has heretofore been said, that a waiver in order to be effective must be founded upon a valuable consideration or must be of such a character as to estop a party, and in the case at bar, there being no evidence of consideration, the plaintiff must necessarily rely upon the doctrine of estoppel to enforce his contention of waiver. Thus it would appear that the rule laid down in *Insurance Co. v. Johnson,* supra, many years before, is yet adhered to by the Supreme Court, as shown by repeated citations of that case in later decisions. Only in the sense, perhaps, that its strict interpretation may be somewhat relaxed by virtue of the statute on variance, can there be said to have been any change in the rule covering the pleading of waiver by estoppel. One of the cases relied upon by the defendant as indicating that the rule has been changed since the adoption of the statute concerning variance, is *Allen v. Gheer,* 98 Kan. 228, 158 P. 17, at page 18, where the court says:

"While the cases cited by appellant (*Insurance Co. v. Johnson,* 47 Kan. 1, 27 P. 100; *Insurance Co. v. Thorp,* 48 Kan. 239, 28 P. 991; *Walker v. Insurance Co.,* 51 Kan. 725, 33 P. 597; *Gillett v. Burlington Insurance Co.,* 53 Kan. 108, 36 P. 52) all hold that a waiver must be pleaded, yet they were all decided before the promulgation of the new Code. Moreover, the dissenting opinion in *Insurance Co. v. Thorp,* supra, decided in 1892, clearly foreshadowed the modern tendency, and the one which, at least with the aid of the new Code, may be now said to have been crystalized into established law. It was there said:

" 'Of course, if the question of waiver was a matter of dispute, and the plaintiff relied on the waiver to maintain his action, it must be pleaded before testimony of such waiver can be received over the objections of the company. *Insurance Co. v. Johnson,* 47 Kan. 1, 27 P. 100. 'Where no objection is made to the introduction of evidence, no material error is committed by permitting its introduction.' *Grandstaff v. Brown,* 23 Kan. 176.' "

The language in this case was used in the consideration of the waiver of a default in a contract, and the court observes in the opinion, which is at least a compelling basis for the decision rendered, that no objection was made to the evidence concerning waiver at the time it was offered.

In *Dè Bus v. Life Insurance Co.,* 115 Kan. 773, 225 P. 91, cited by plaintiff's counsel, the court considered the variance statute in connection with an alleged waiver of a proof of death in an insurance policy, holding that it was not necessary to plead waiver of proofs of death where there was a specific denial of liability under a policy, which denial in itself constituted a waiver of such proof, and after quoting the variance statute the court stated that the defendant insurance company could not have been misled by the evidence. This is probably the law in insurance cases independent of statute. Other Kansas cases might be reviewed but enough has been indicated from these reports to lead us to the conclusion that it is the law of Kansas as interpreted by the courts, that waiver to be relied upon must be specifically pleaded as to the facts and circumstances constituting that waiver, but that by virtue of the statute, variance between the pleading and proofs shall be deemed material only when it misleads the adverse party to his prejudice in maintaining his defense upon the merits and whether that situation exists is only determinable under the particular facts and circumstances of each individual case.

In the case at bar, we find the defendant coming into court confronted with the allegations of the plaintiff's pleadings that he relied upon certain correspondence as sustaining the waiver contended for by which the defendant was estopped from asserting its right to cancel the contracts in controversy. With the failure of the pleaded facts to accomplish this result the plaintiff introduced oral testimony of waiver, independent of, distinct from and subsequent to the facts relied upon as constituting waiver alleged in his petition. Manifestly the defendant under these circumstances was misled to his prejudice in maintaining his defense upon the merits of the controversy, and had no adequate opportunity to prepare his defense thereto.

It remains to be considered whether or not there was a compliance with the remainder of the statute in requiring proofs to the court in respect to the fact and manner in which he had been misled. In this respect it is urged that the defendant offered no proofs in compliance with this provision of the statute. Only the suggestion of the situation in which the defendant then found itself as shown by the record itself was needed to make apparent both the act and manner of misleading. Certainly it would have been a vain and useless thing for the defendant to have offered the pleadings of the plaintiff together with the oral conversations testified to by the plaintiff, as evidence of the manner in which the defendant had been misled. The defendant was left in the situation of being unprepared to meet an issue of independent evidence of waiver not relied upon in plaintiff's pleading. In equity and good conscience we think that it was thereby placed at a distinct disadvantage and soundly prejudiced in presenting its defense on the merits. Even though a motion had been made attempting to make the pleadings conform to the proof, as stated in the Hoyt Case, supra, its allowance would not have been in furtherance of justice.

In view of what has been stated, other alleged errors need not be considered. It must be held that the trial court erred in admitting the oral conversations in evidence and submitting the case to the jury. The judgment of the trial court will be reversed and the case remanded for a new trial.

It is so ordered.