## H. C. DAY v. HANNAH M. WALKER.

PETITION; *Action to Recover Usurious Interest; Statement of Facts.* Where a petition alleges in substance, that the plaintiff executed a promissory note to the defendant for the sum of $1,540 due in one year, and received in consideration therefor $1,000, and that $540 of said note was for usurious interest to be paid for the use of said $1,000 one year, and that the defendant transferred said note before due "for a valuable consideration" to an innocent and *bona fide* purchaser, and that the plaintiff was thereby compelled to pay said purchaser the full amount of said note, and that in so doing he paid $447.50 usurious interest, and the petition then prays for a judgment for the plaintiff for the sum of $447.50, *held*, that the petition does not state facts sufficient to constitute a cause of action.

### *Error from Sedgwick District Court.*

ACTION by *Walker* to recover for moneys alleged to have been paid as usurious interest. The averments of the petition and answer are sufficiently stated in the opinion. The district court, at the May Term 1874, overruled a demurrer to the petition, and then, after answer filed, sustained a demurrer to the answer, and gave judgment in favor of *Walker* and against *Day* for $430.30, and costs. *Day* brings the case here on error.

*W. E. Stanley,* and *Ruggles & Sterry,* for plaintiff in error:

The liability of Day (if he is liable) must arise either from some wrong perpetrated by him toward the defendant in error, or by virtue of some contract, express or implied, between the parties. No wrong, no fraud, no misrepresentation is alleged, or pretended to be stated in plaintiff's petition. Nor is any contract alleged. A supposed liability is claimed under our interest or usury laws. What do these laws show? That parties may stipulate for such interest as they desire, and there is no *illegality* in so doing, or in the one party *paying*, and the other *receiving* such stipulated interest. No *person*, neither the original payee, nor a subsequent *bona fide* indorsee for value, *can recover in any court* more than twelve per cent.;

and the courts are peremptorily forbidden to render judgment for any greater rate of interest than twelve per cent. While the law permits parties to stipulate on this subject as freely as upon any other, and to faithfully fulfill those stipulations, it declares that neither they, *nor any one else*, can come into court to enforce a stipulation to pay more than a certain per cent.; that if one of the parties, or any other person comes into court to enforce the payment of the instrument reserving the usurious interest, he cannot recover more than twelve per cent.; nor will the law permit the court to render judgment for more than that. Any other construction would be doing violence to the evident intention of the legislature, as expressed by the language used. And this intention is made more clearly manifest when we examine and contrast the interest act of 1868 with the amendment of 1872. (Gen. Stat., 525, § 2; Laws of 1872, p. 284, § 1.) The act of 1868 *limited* the rate to be stipulated to a rate not exceeding twelve per cent. In the amendment *this limitation does not appear*, which is equivalent to expressly striking it out. The old law was entirely silent as to who could or could not recover the excess over twelve per cent. The new law expressly says that *no person* shall recover more than twelve per cent. (*Kendall v. Robertson*, 12 Cush. 159.) Thus, our interest laws leave *all parties* entirely free to contract in reference to the rate of interest and to regulate their own affairs in regard thereto, and at the same time emphatically announce that *the courts* of the state shall never render judgment for the excessive interest, nor shall *any person* recover therefor.

If this construction is correct, then it follows, beyond a doubt, that in the action wherein Hollis Day obtained judgment against Mrs. Walker she had a complete defense to so much of the claim made in said action as represented the usurious interest; and if she failed to make such defense, and afterward paid said usurious interest, the payment was as much voluntary as if she had handed over the money before suit was brought. And if she did make the defense, and failed, and then paid because of the legal process issued

on said judgment, it was by no fault or wrong of the plaintiff in error as against her, because, first, the only hand he had in the whole matter was to indorse this note before maturity to Hollis Day, which act the statute nowhere forbids him to do, but which the law expressly gave him the right to do, and which the defendant in error by a valid contract in writing had specifically stipulated he might do; and second, the plaintiff in error was not, nor can he be held responsible for the judgment of the court.

This usurious interest, then, having been voluntarily paid by defendant in error to Hollis Day, could not be recovered back from him, nor could it have been recovered back from plaintiff in error if paid by her to him: 9 Iowa, 382; 12 Iowa, 301; 1 McLean, 514; 11 Ohio, 419; 12 Ohio, 548; 7 Metc. 18; 8 Kas. 431.

*Sluss & Dyer*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was brought in the court below by Hannah M. Walker, as plaintiff. The material facts upon which said Walker's cause of action is founded, as appears from her petition, are substantially as follows: On November 4th 1872, H. C. Day (plaintiff in error here) loaned her the sum of $1,000 for the term of one year, at the usurious rate of interest of 54 per cent. per annum, and to evidence said loan, she and W. N. Walker, her husband, executed and delivered to him their promissory note for the sum of $1,540, bearing date on said day, payable to Day's order, in one year thereafter, with interest at 12 per cent. per annum after maturity, the sum of $540 thereof representing the usurious interest reserved for the use of said $1,000. Said note was secured by a mortgage on certain real estate in Sedgwick county, executed by defendant in error and her said husband. Long before the maturity of said note, plaintiff in error by indorsement and for a valuable consideration transferred said note to one Hollis Day, who had no knowledge

or notice of said usurious contract, and who by said transfer became the owner of said note and mortgage. On December 13th 1873, said Hollis Day obtained judgment against defendant in error in the district court of Sedgwick county for the amount of said principal and interest mentioned in said note, and for the sale of said mortgaged real estate to pay the same; and on March 9th 1874, he was about to cause said real estate to be sold to satisfy said sum under a legal process issued upon said judgment, and then defendant in error was compelled to and did pay to said Hollis Day said sum, $1,604.14, of which $447.50 was usurious interest reserved for said loan, and by reason of the premises said H. C. Day became liable to pay defendant in error said $447.50, with interest from March 9th 1874, which he has refused to pay, although requested. To this petition plaintiff in error demurred. The district court overruled the demurrer, and Day excepted. After the overruling of said demurrer Day filed his answer. He admitted the execution and delivery of the note and mortgage, as alleged, and also the assigment thereof to Hollis Day, and then as a defense alleged that on October 22d 1873 one Geo. H. Sweet commenced an action as plaintiff against said Hollis Day and said Hannah M. Walker, as defendants; that due service was obtained on both of said defendants; that that action was brought to foreclose a lien on said mortgaged estate; that the petition of said Sweet alleged that Hollis Day had or claimed some interest in said real estate; that said Day appeared and answered, and filed his cross-petition therein against his codefendant (Walker,) setting up the note and mortgage in question and demanding judgment against her for the full amount of said note, for the foreclosure of his lien, and the sale of the property to pay said judgment, and that the said Walker neglected and refused to answer said petition and said cross-petition, but suffered judgment to be rendered against her by default, in favor of Sweet, and also in favor of said Hollis Day for the full amount specified in said note, with interest, etc., and that afterward she fully paid off, satisfied and discharged said

22—16 KAS.

judgment. To this answer the defendant in error demurred, as not stating facts sufficient to constitute a defense. This demurrer was sustained by the court, and plaintiff in error excepted.

We are inclined to think that the court below erred. We think that the petition *does not* state facts sufficient to constitute a cause of action; that the answer *does* state facts sufficient to constitute a good defense to the plaintiff's supposed cause of action; that the demurrer to the petition should have been sustained; that the demurrer to the answer should have been carried back to the petition, and sustained as against it, and not as against the answer. We have no statute in this state making it illegal to contract for usurious interest, or to pay or receive the same. Section 1 of the interest law, as amended, provides that, in the absence of contract, interest at the rate of seven per cent. per annum may be received. (Laws of 1871, p. 250.) Section 2, as amended, provides that the parties may contract for any rate of interest, "*Provided*, that no person shall recover in any court more than twelve per cent. interest per annum." (Laws of 1872, p. 284.) Section 3, as amended, provides that, "All payments of money or property made by way of usurious interest, or of inducement to contract for more than twelve per cent. per annum, whether made in advance or not, shall be deemed and taken to be payments made on account of the principal and twelve per cent. interest per annum, and the courts shall render judgment for no greater sum than the balance found due after deducting the payments of money or property made as aforesaid." (Laws of 1872, p. 284.) Section 4 of the interest law of 1868 has been repealed; (Laws of 1872, p. 284, § 3.) Section 5 provides that judgment shall draw interest at the rate of seven per cent. per annum, except as otherwise provided; (Gen. Stat. 526.) Section 6 provides that judgments upon contracts shall draw interest at the rate expressed in the contract, not to exceed twelve per cent. per annum; (Gen. Stat. 526.) This is the substance of the interest laws.

Now upon what principle can this action be maintained? Not under the statute, for there is no statute authorizing such an action. Not upon any contract of the defendant below, for he has violated no contract, and has paid to the plaintiff every cent that he ever agreed to pay her. Not upon any tort, for it is not shown that the plaintiff ever committed any tort. Not upon any fraud or overreaching, for it is not claimed that the plaintiff was ever in any manner deceived or defrauded. Not for money paid, for it cannot be claimed that the plaintiff ever paid any money to or for the use of the defendant. Not for money had and received, for it cannot be claimed that the defendant ever received from the plaintiff or from any other person any money. The defendant paid to the plaintiff $1,000. He was entitled according to law to receive back at the end of one year $1,120. He has received nothing from the plaintiff. He however transferred the note "for a valuable consideration" to one Hollis Day. But what he received from Hollis Day, we do not know. Whether it was money or property, or whether it was worth one dollar, or one thousand dollars, or some other sum, more or less, we have not been informed. Suppose the defendant exchanged the note for a horse worth $300: would it be right for the plaintiff to recover from the defendant $447.50, when the defendant did nothing more than what the plaintiff had authorized him by the note to do? The note was negotiable, and payable to the order of the payee, and the transfer thereof was just what the plaintiff authorized the defendant to do by the note itself. The most plausible grounds upon which the plaintiff below may claim to recover in this action are probably as follows: Sec. 3 of the interest laws provides, that "all payments of money or property made by way of usurious interest, or of inducement to contract for more than twelve per cent. per annum, shall be deemed and taken to be payments made on account of the principal and twelve per cent. interest per annum." The consideration of the note in this case was $1,000 in cash, $120 legal interest for one year, and $420 usurious interest. This usurious in-

terest may under said § 3 be considered as a payment on the principal, and should have been indorsed on the note, leaving as due on the note only $1,120. This amount was all that the defendant should have assigned to Hollis Day. The amount however of $420 was not indorsed on said note. The note was sold and assigned to Hollis Day as though nothing had been paid thereon, and as though the note was properly for $1,540. Hollis Day was an innocent and *bona fide* purchaser of the note. The plaintiff was therefore compelled to pay him the full amount of the note, and therefore the plaintiff may now recover the amount of the usurious interest from the defendant. This argument however fails in the following particulars: 1st. — The statute provides for only actual payments of money or property being considered as payments on the principal, and there was no actual payment in this case by the plaintiff to the defendant of any money or property. 2d. — There is no claim that the defendant ever received from any source any payment of money or property more than he was entitled to receive, or more than he could have collected from the plaintiff on the note. 3d. — There was no understanding or agreement by the parties that said $420 usurious interest should be considered as a payment on account of the principal, but on the contrary both parties understood and agreed that it should be paid in addition to the principal and legal interest, to whoever might be the holder of the note.

There was no failure of consideration. The consideration that the plaintiff received was eminently valuable, and was all that she ever expected to receive. It was all that the parties stipulated for, and all that they ever had in contemplation. There was no deception or fraud, no mistake or misapprehension. Both parties knew exactly what they were doing, and what they were getting, and no disappointment subsequently ensued. And the whole transaction was purely voluntary on the part of the plaintiff. If, instead of giving her note for $1,540 for the one thousand dollars in cash, she had given money or property worth $1,540, we still appre-

hend she would have no action to recover the surplus back. Now, we understand that actions to recover money back because of a failure of consideration, can be maintained only when there has been some mistake or misapprehension with reference to the consideration, and not where the parties had full knowledge of all the circumstances at the time of making the contract, at the time the consideration passed, and at the time of paying the money. But we do not wish to assert principles beyond the necessities of this case.

The judgment of the court below will be reversed, and cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.