G. J. GROSS v. W. J. FUNK, *et al.*

THIS action is here on error from Cowley district court. The action was brought by *Gross*, as plaintiff, on a promissory note and mortgage made by one Leanah Funk, in her lifetime, to Isaac Parker, Jr. *Gross* was an innocent purchaser for value of said note and mortgage, before the maturity thereof. *W. J. Funk* was sued as administrator of the estate of said Leanah Funk, deceased, and *John W. Funk* was joined as co-defendant, being the devisee of said Leanah. Plaintiff demanded judgment for $470.73, and interest, and

for the foreclosure of the mortgage. Usury was pleaded as a partial defense. A demurrer to the answer was over-ruled, and the district court, at December Term 1877, gave judgment for plaintiff for $362.10, and interest, and decreed the foreclosure of the mortgage, etc. Plaintiff brings the case here, claiming that the judgment is too small, and as-signs as error the overruling of his demurrer. Defendants, claiming that the case-made was not legally and properly set-tled, moved to dismiss the petition in error.

*Pryor, Kager & Pryor*, for plaintiff.

*Jennings & Buckman*, for defendants.

The opinion of the court was delivered by

VALENTINE, J.: Where due notice of the time and place of settling and signing a case-made for the supreme court has been given to the adverse party, such party cannot ignore such notice, or treat it as a nullity, although the time fixed in such notice for settling and signing such case may be ear-lier than the case could properly be settled and signed. (*Nel-son v. Becker*, 14 Kas. 509, 510, and cases there cited.) And where the judge of the court, in the absence of the adverse party, and without any objection from him or from any other person, settles and signs the case upon such a notice, and nothing further is done concerning the same, the supreme court will, in the absence of other irregularities, treat the case as valid.

A finding made and entered in the case-made by the judge while settling and signing such case, showing that such no-tice has been given, is sufficient evidence, *prima facie*, to prove the fact that such notice was given. (*Haynes v. Cowen*, 15 Kas. 637, and opinion of BREWER, J., p. 645, 646.)

The defense of usury cannot be set up against a negotiable promissory note while in the hands of an innocent indorsee who purchased the same before maturity. (*Day v. Walker*, 16 Kas. 326, 332; *Holden v. Clark*, 16 Kas. 346; *Rahm v. Bridge Co.*, 16 Kas. 530; *Mechanic's Bank v. Crow*, 66 N.Y.

85; *Cicot v. Gagrin,* 2 Mich. 381; 1 Hill. on Mort. 574; 1 Pars. Notes, 279, 280; Gen. Stat., ch. 14, § 3.

The judgment of the court below will be reversed, and cause remanded for further proceedings.

All the Justices concurring.