THE STATE OF KANSAS v. AUGUST GUTEKUNST.

1. NOTICE *Required by Sec. 6 of Dramshop Act.* A conviction for unlawfully giving or selling intoxicating liquor to a person in the habit of being intoxicated, cannot be sustained, unless the proof shows that the notice required to be given by ¿ 6 of the dramshop act, informed the defendant, that the party to whom he is charged with furnishing liquor is in the habit of being intoxicated.

2. MISCONDUCT OF COUNSEL; *Duty of Courts.* It is the duty of the district courts to interfere of their own motion in all cases where counsel in argument in jury trials, state pertinent facts not before the jury, or use vituperation and abuse, predicated upon alleged facts not in evidence, calculated to create prejudice against a prisoner.

*Appeal from Lyon District Court.*

AT the September Term, 1880, of the district court, *Gutekunst* was convicted of a violation of § 6 of the dramshop act, and sentenced to sixty days' imprisonment in the county jail, adjudged to pay a fine of $100 and costs, and to be committed until the fine and costs were paid. He appeals to this court. The facts appear in the opinion.

*I. E. Lambert,* and *Cunningham & McCarty,* for appellant.

*T. N. Sedgwick,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: On June 16th, 1880, a complaint was filed with a justice of the peace of Lyon county, charging the defendant with a violation of § 6 of the dramshop act, in unlawfully selling intoxicating liquor to W. J. Cooper, a habitual drunkard, after notice had been given defendant by the wife of Cooper that her husband was in the habit of being intoxicated. On June 19th, the defendant was convicted before the justice after a hearing upon the complaint, and sentenced to pay a fine of twenty-five dollars. An appeal was taken by defendant to the district court of Lyon county. At the September term of that court for 1880, the defendant was again convicted. He was sentenced to sixty

days' imprisonment in the county jail, adjudged to pay a fine of one hundred dollars and costs, and stand committed until the fine and costs were paid. He now appeals to this court.

The first objection to the conviction to which our attention has been directed by counsel, is, the insufficiency of the testimony concerning the notice to the defendant. It is alleged that there was a total failure of proof of such a notice as is required by the statute. The evidence upon this point is, that during the last of September, 1879, the wife of W. J. Cooper, in the presence of J. E. Webster, said to the defendant, that she forbade him from selling any more intoxicating liquors to her husband. No notification was given by the wife that her husband was in the habit of being intoxicated. In the absence of such notification, was the conviction legal?

Sec. 6 reads as follows:

"Every person who shall, directly or indirectly, knowingly sell, barter or give away any intoxicating liquor to any person who is in the habit of being intoxicated, after notice shall have been given him by the wife, child, parent, brother or sister of such person, or by any civil officer charged with the care or custody of the poor of the township, city or ward where he resides, that such person is in the habit of being intoxicated, or to any person in a state of intoxication, . . . shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by fine not less than five dollars, nor more than one hundred dollars, or by imprisonment not less than ten nor more than sixty days, or by both such fine and imprisonment."

This statute clearly requires that the notice therein provided for shall inform the person forbidden 'to sell, that the party sought to be prevented from obtaining intoxicating liquors by begging or buying, is in the habit of being intoxicated. This is the essential, or substantial part of the notice. A notice "not to sell or give" is insufficient. It does not comply with the terms of the statute, and as the statute is penal in its nature, like other penal laws, it must be construed strictly. In this case, the complaint charges that the wife gave the defendant notice that her husband was in the habit of being intoxicated. Therefore, it is evident that the

prosecuting attorney, in drawing up his charge, was fully aware of the requisites of the notice. On the trial, he failed to prove this allegation. Hence, there was a failure of proof of the offense alleged in the complaint. No valid notice was shown. The conviction, in the absence of the statutory notice, was illegal, and must be set aside.

Objection is also made to certain remarks of counsel in closing the argument of the case. It is alleged that he referred to facts not before the jury, and indulged in vituperation and abuse, predicated upon alleged facts not in evidence, calculated to create prejudice against the defendant. There is very great conflict in the testimony before us concerning the language actually used by the counsel. In view of the conclusion we have already announced of awarding a new trial, it is unnecessary to pass upon such objection. We take this opportunity, however, of calling attention to the duty of the district courts in jury trials, to interfere in all cases of their own motion, where counsel forget themselves so far as to exceed the limits of professional freedom of discussion. Where counsel refers to pertinent facts not before the jury, or appeals to prejudices foreign to the case, it is the duty of the court to stop him then and there. The court need not and ought not to wait to hear objection from opposing counsel. The dignity of the court, the decorum of the trial, the interest of truth and justice forbid license of speech in arguments to jurors outside of the proper scope of professional discussion. We conclude with the words of Mr. Justice VALENTINE, speaking for the court, in *State v. Comstock*, 20 Kas. 655: "Courts ought to confine counsel strictly within the facts of the case; and if counsel persistently go outside of the facts in their argument to the jury, then the court should punish them by fine and imprisonment; and if they should obtain a verdict by this means, then the court should set such verdict aside."

The judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.