## THE STATE OF KANSAS v. A. J. SHELTON.
### No. 685.

1. ADDRESS TO JURY—*in judging of improper statements in, strength of evidence considered.* In determining the effect of improper statements made by a county attorney in his closing argument to the jury, the strength of the testimony offered against the defendant will be considered.

2. ———— *in particular case, conviction reversed on account of county attorney's.* In this case—the strength of the testimony considered—*held*, that the improper statements made by the county attorney in his closing argument to the jury may have determined the verdict.

Appeal from Cowley District Court.. Hon. J. A. Burnette, Judge. Opinion filed July 21, 1897. *Reversed.*

*L. C. Boyle*, Attorney General, and *J. C. Stanley*, for the State.

*Joseph O'Hare*, for appellant.

SCHOONOVER, J. The defendant was arraigned in the District Court of Cowley County on the information of the county attorney charging him with the crime of burglary and grand larceny. He entered a plea of not guilty, and on trial before a jury was convicted of petit larceny and adjudged and sentenced to pay a fine of one hundred dollars and costs of the suit, and stand committed until such fine and costs were paid. The defendant appeals, and in his fourth specification of error complains of misconduct on the part of the county attorney in his closing argument to the jury; that his language was abusive; that he appealed to the prejudice of the jury, and improperly alluded to the fact that the defendant did not testify. The county attorney said :

" You are farmers, and wheat has been stolen in

THE STATE v. SHELTON.     ·     663

July 21, 1897.       Opinion.   Schoonover, J.              C. Div.

this county, and two of the jurors have lost wheat by
theft, and you owe it to yourselves and to the farmers
of this county to see to it that an example is made of
one of them."

· Defendant claims that this language was repeated
in different forms several times; that the county at-
torney said at another time :

" Wheat stealing has been going on in this county,
and farmers are having their wheat stolen by these
wheat thieves, and two of the jurors on this jury have
had wheat stolen by them, and you owe it to your-
selves and to the people of this county to see to it that
this wheat thief is punished."

This language was calculated to create prejudice
against the prisoner.   There is nothing in the record
to justify its use.   It was personal abuse.   The court
of its own motion should have interfered, reprimanded
the county attorney, and instructed the jury to disre-
gard the language in their deliberation.

In *The State v. Comstock* (20 Kan. 655) it was said :

"Courts ought to confine counsel strictly within
the facts of the case ; and if counsel persistently go
outside of the facts in their argument to the jury,
then the court should punish them by fine and im-
prisonment ; and if they should obtain verdict by this
means, then the court should set such verdict aside."

In *The State v. Gutekunst* (24 Kan. 252) it was said :

"It is the duty of the district courts to interfere of
their own motion in all cases where counsel in argu-
ment in jury trials state pertinent facts not before
the jury, or use vituperation and abuse, predicated
upon alleged facts not in evidence, calculated to create
prejudice against a prisoner."

The defendant contends that the county attorney
improperly alluded to the fact that the defendant did

not testify ; that the prosecuting officer in his closing argument said :

"We find this stolen wheat in the defendant's possession in front of his house on the morning of August 31, and he sold it to Grice early that morning in Arkansas City ; now, if he is an honest man, why does he not show or prove where he got that load of wheat or how he came by it?"

Paragraph 5280, General Statutes of 1889, provides : " That the neglect or refusal of the person on trial to testify . . . shall not raise any presumption of guilt, nor shall that circumstance be referred to by any attorney prosecuting in the case, nor shall the same be considered by the court or jury before whom the trial takes place."

In *The State v. Mosley* (31 Kan. 355), Chief Justice Horton said :

" We understand the statute is explicit that when a defendant in a criminal cause declines to testify in his own behalf, absolute silence on the subject is enjoined on counsel in their argument on the trial, and that the courts will hold prosecuting attorneys to a strict observance of their duty in this respect."

It was held in the case of *State v. Graham et al.* (62 Iowa, 108, 17 N. W. Rep. 192) : * " The statute is explicit that the district attorney shall not refer to the fact that the defendant did not testify in his own behalf, and for him to do so, expressly or in substance, is misconduct that warrants the granting of a new trial."

We cannot say that the language used by the county attorney, considered alone, is such a violation of the statute above quoted as to require a reversal of this case ; but his closing argument was well calculated to prejudice the jury against the defendant.

The State relied for a conviction upon circumstan-

---

* This syllabus is not found in the official report.—REPORTER.

tial evidence alone. The case is a close one, and the strength of the testimony offered against the defendant has been carefully considered in arriving at a conclusion. We are agreed, the strength of the testimony considered, that the improper statements made by the county attorney in his closing argument to the jury may have determined the verdict.

The judgment will be reversed, and the case remanded for a new trial.