THOMSON, Respondent, v. MERIDIAN LIFE. INS. COM-
PANY OF INDIANAPOLIS, IND., Appellant.

(153 N. W. 993.)

(File No. 3857.   Opinion filed September 14, 1915.)

1.  **Appeals—Undertaking on Appeal—Surety by Foreign Surety Com-
pany—Execution of Outside of State.**

The fact that an undertaking on appeal is executed outside of
this state by a foreign surety company, it being authorized to
do business in this state, does not vitiate the undertaking.

2.  **Same—Undertaking Executed by Unauthorized Attorney in Fact—
Appellant's Right to Amend Undertaking—Statute.**

Where the fact that an attorney in fact who executed an ap-
peal undertaking given by a surety company was unauthorized
to execute undertakings for use in this state, was unknown to
appellant, he may, through leave granted on his application by
the Supreme Court, have the undertaking properly executed, by.
one having authority, pursuant to Code Civ. Proc., Sec. 461.

3.  **Same—Settled Record—Failure to Timely File Specifications of
Error—Directory Statute—Completion of Service of Record,
When?**

Where, in settlement of the record under Laws 1913, Ch.
178, requiring appellant to serve and file within 10 days after
procuring stenographer's transcript, or within such further time
as court may grant, a transcript with specifications of error,
appellant failed to serve specifications within that time, **held,**
that said statute is not mandatory; and appellant may serve
such specifications after serving the transcript, provided they
are served within the statutory time for service of transcript
and specifications, and from date of service. of specifications
service and proposed settled record is complete.

4.  **Same—Settlement of Record—Premature Settlement Before Ex-
piration of Ten Days—Jurisdiction—Settlement as Extension
of Time.**

Where trial court settled the record on appeal before expir-
ation of the ten days within which, under Laws 1913, Ch. 178,
respondent may suggest amendments, appellant having failed
to serve specifications of error within the ten days allowed
therefor by statute, but having done so, without an order of
court, before the record was settled, **held,** that such premature
settlement of record did not deprive the court of power to

settle the record; and, while better practice requires an order extending time, yet the settling of the record, when proposed record was served after expiration of the ten days, was, in effect, an extension of time for such service.

5. **Same—Premature Settlement of Record, Validity—Basis of Jurisdiction—Motion to Strike Record—Respondent's Remedy— Leave to Amend Record.**

Where trial court settled the record on appeal before expiration of the 10 days within which, under Laws 1913, Ch. 178, respondent may suggest amendments, but after delayed specifications of error were served by appellant, held, that such settled record was not a nullity, but was valid until attacked in trial court; such court's jurisdiction depending, not upon the lapse of the 10 days, but upon the fact that a proposed settled record had been served and filed; and respondent's remedy was not by objection, on notice, to consideration of the specifications before hearing on motion for new trial, nor by motion to strike record after submission of motion for new trial, but by motion, setting forth irregularities that deprived it of its right to propose amendments within the 10 days, and by presenting to trial court any desired amendments, and by asking court to so amend record.

McCoy, P. J., and Smith, J., not sitting.

Appeal from Circuit Court, Fall River County. Hon. LEVI McGEE, Judge.

Action by Clara Belle Thomson against the Meridian Life Insurance Company of Indianapolis, Ind. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Order to show cause why the settled record should not be stricken from the files, and the appeal dismissed, denied.

*Eastman & Dudley,* and *John Weaver,* for Appellant.

*Fisher & Rooney,* and *Lawrence H. Hedrick,* (*Gaffy & Stephens,* of counsel), for Respondent.

(1) Under point one of the opinion, Appellant cited: Sec. 878, 879, 880, Civ. Code, p. 167; Germantown Trust Company v. Whitney, 19 S. D. 108; Citation 112.

(3) Under point three of the opinion, Appellant cited: Laws 1913, Ch. 178; Code Civ. Proc., Sec. 441; La Penotiere v. Kellar, 28 S. D. 469.

(5) Under point five of the opinion, Appellant cited: Code Civ. Proc., Sec. 461.

WHITING, J. This action is before us upon an order re-

quiring appellant to show cause why the settled record heretofore filed herein should not be stricken from the files, and also why the appeal herein should not be dismissed.

[1, 2] Respondent asks that the appeal be dismissed, because the undertaking upon appeal was not executed in the state of South Dakota, and because such undertaking was not executed by any person authorized to execute the same on behalf of the corporation named therein as surety. We know of no provision of our statute that requires the undertaking, when executed by a foreign surety company as surety, as in the case before us, to be executed within this state. If such company is authorized to do business in this state, and such undertaking is properly executed by such company, the provisions of our statute are fully complied with. In the present case the undertaking appears to have been executed by an attorney in fact; but it is claimed, and the evidence offered tends to show, that the party who, as attorney in fact, executed such undertaking was unauthorized to execute undertakings for use in this state. This fact was unknown to appellant, who supposed that the undertaking had been executed by one authorized to execute the same. Appellant has asked to be allowed to have such undertaking properly executed by some person having authority to execute the same on behalf of the surety company. This he is clearly entitled to under the provisions of section 461, C. C. P. La Penotiere v. Kellar, 28 S. D. 469, 134 N. W. 48.

[3] Respondent asks that the record, settled by the trial court and filed in this cause, should be stricken from the files. This record was one to be settled under chapter 178, Laws 1913. Under the provisions of such statute, an appellant, within 10 days after procuring a certified transcript of the evidence from the court stenographer, or within such further time as the court may grant, should serve such transcript, together with his specifications of error attached thereto, upon the respondent, and should file the same in the office of the clerk of court; if, within 10 days, the respondent does not suggest any amendments to such settled record, the clerk should present the same, together with the papers constituting the judgment roll, to the trial court, and procure from him a certificate to be attached thereto settling the completed rec-

ord as the settled record. Appellant served the transcript of the evidence without having attached thereto any specifications of error. Several days thereafter, and after the 10 days from the time of procuring the transcript had expired, appellant served upon respondent's counsel her specifications of error. Respondent's counsel objected to such service upon the ground that it was not timely. Thereafter, and as claimed by respondent and assumed by this court for the purposes of this hearing, the trial court, within less than 10 days from the time of the service of such specifications of error, settled the record herein by attaching his certificate to a record which included such transcript and the said specifiations thereto attached. Prior to the hearing of the motion for new trial, respondent, upon notice given, objected to the consideration of such specifications of error, and also, after the submission of the motion for new trial, moved that such specifications be stricken from the settled record, because the same were not timely served, and, as contended by respondent, not properly a part of such settled record. The trial court overruled the objection, and refused to strike such specifications from the settled record.

We do not believe that respondent has pursued his proper remedy. While the statute directs that the specifications shall be attached to and served with the transcript of the evidence, and while, without such specifiations being attached to such transcript, there can be no record settled which would avail the appellant anything, yet we do not believe such statute should be held to be mandatory, and that upon failure to attach such specifications the appellant is without any means of settling a proper record. We think it more consonant with reason and justice to hold that an appellant may serve his specifications of error after he has served his transcript, provided that such specifications are served within the time fixed by the statute for the service of the transcript and specifications, and that, from the date of the service of such specifications, the service of the proposed settled record is complete.

[4] But, in the present case, it appears that the specifications were served after the 10 days had expired, and presumably without any order having been made extending time of service. Did this deprive the trial court of the power to settle the record? We

think not.    The statute specifically provides that the proposed settled record may be served within 10 days, or such further time as the court allows.    While better practice would require an order to be procured extending the time, and while, by failure to procure such an order, an appellant may run the risk of having any extension refused him, and therefore run the risk of being denied a settled record, yet we think that the mere settling of the record by the trial court, when the proposed record had been served after the 10 days had expired, was, in effect, an extension of the time for such service, and that the matter stands as though a proper order had been procured extending the time for, and before, service of the proposed settled record.

[5] It further appears that, after the specifications were served, the trial court settled such record before 10 days had expired.    Was such act on the part of the trial court a nullity, or was such purported settled record valid as a settled record until attacked in the trial court?    While the trial court exercised its power and jurisdiction to settle the record prematurely, yet its jurisdiction depended, not upon the lapse of the 10 days, but upon the fact that a proposed settled record had been served and filed, exactly as the jurisdiction of a court to render a judgment does not rest upon the lapse of time after the service of the summons but upon the service of the summons.    A judgment prematurely entered may be irregular, but it is not void, and the injured party's remedy is not to treat the same as void, but to proceed by proper motion to have the same set aside.    Respondent is not prejudiced unless such settled record is unfair to it, and it should not be heard to question such record, except for the purpose of procuring such amendments as will make it a proper record.    It should have done this by a motion before the trial court, setting forth the irregularities that had deprived it of its right to the full 10 days within which to propose amendments, presenting to such trial court such amendments, if any, as it might desire to have incorporated in such settled record, and asking the court to amend the settled record in that respect.    It is certainly clear that, if the settled record was in every respect a proper and complete record, one under which the rights of all parties were properly preserved, respondent cannot complain, and is not injured in

any respect, although the record may have been settled prematurely.

The order to show cause is dismissed, and the relief sought by respondent is denied.

McCOY, P. J., and SMITH, J., not sitting.