## ALLEN v. DILLARD.

No. 6382—Opinion Filed May 16. 1916.
Rehearing Denied June 6, 1916.
(159 Pac. 749.)

**1. Appeal and Error—Record—Settlement—Notice.**

A notice to settle case-made, served but 21 hours before the time specified therein for such settlement, is void, and a case-made settled upon such notice is a nullity, unless the cause be one falling within the recognized exceptions to the rule requiring notice.

**2. Same.**

Such exceptions are: First, that the defendant has waived the notice or appeared in person or by counsel at the time and place of settling the case-made; second, that the defendant suggested amendments, all of which were allowed; third, that the defendant suggested amendments, all of which were allowed except those that were immaterial.

(Syllabus by Burford, C.)

Error from Superior Court, Tulsa County; M. A. Breckenridge, Judge.

Action by J. C. Allen, guardian, against F. B. Dillard. Judgment for defendant, and plaintiff appeals. Dismissed.

A. T. Lewellen and J. T. Smith, for plaintiff in error.

F. B. Dillard, pro se.

Opinion by BURFORD, C. This case comes before us on a motion to dismiss. The essential facts are that after various extensions granted by the trial court, in which to make and serve a case-made, the plaintiff's time was so limited that after the service of the case-made and the three days given by the statute to suggest amendments there was approximately two days left within which to file the case in the Supreme Court, within the limit prescribed by statute. It does not seem to have occurred to the plaintiff in error that he could have served his notice to settle the case-made during the time allowed for suggesting amendments. Frey v. McCune, 49 Okla. 493, 153 Pac. 109. He, therefore, procured an order of court that the case should be settled upon 21 hours' notice, and it appears that said case-made was settled upon a notice served 21 hours before the time fixed in such notice for settling the case: Rev. Laws 1910, section 5242, provides, in part:

"The case and amendments shall, upon three days' notice, be submitted to the judge," etc.

In State v. Coyle, 11 Okla. Cr. 637, 150 Pac. 80, and Reed v. Walcott, 40 Okla. 451,

139 Pac. 318, this court held that the three days' notice to suggest amendments must be given to the defendant, and that, if the case-made were served so late that the three days' notice could not be given prior to the time that said case must be filed in the Supreme Court, and the defendant refused to waive his right to suggest amendments, the plaintiff in error must fail. We see no reason why the same doctrine in principle would not be applicable to the three days' notice required by the statute for settling the case-made. If this time may be shortened to 21 hours by the trial judge, it might be shortened to one hour, and the place of settling the case-made fixed at some distant point, where it would be impossible for the counsel for defendant in error to attend. We think, therefore, that it must be held that the notice given in this case was a nullity. However, this court has held that in certain cases an entire failure to give notice of time and place of settlement of the case-made will not work a dismissal upon the principle that in such excepted cases the rights of the defendant in error are not prejudiced by such failure to give notice. These recognized exceptions are laid down in the leading case of First National Bank v. Daniels, 26 Okla. 383, 108 Pac. 748, as follows:

"First, that defendant has waived such notice or appeared in person or by counsel at the time and place of settling same; second, that defendant suggested amendments all of which were allowed; third, that defendant suggested amendments, all of which were allowed, except those that were immaterial."

See, also, School District v. Griffith, 33 Okla. 625, 127 Pac. 258; Gordon et ux. v. Allen, 54 Okla. 543, 153 Pac. 1176; Globe Surety Co. v. First State Bank of Hewett, 57 Okla. 427, 157 Pac. 316.

Unless, therefore, the plaintiff can bring himself within one of these recognized exceptions the case must be dismissed.

The certificate of the trial judge to the case-made shows that the defendant in error did not appear at the settlement of the case-made. The first exception is thus eliminated. It is contended, however, that the judge's certificate brings the case within the second exception above quoted. This certificate recites:

"And all suggestions as to amendments to the said case-made was ordered by the court to be incorporated and made a part thereof."

A careful examination of the case-made, however, shows that it does not include any suggestion of amendments by the defendant in error. It does show that there were numerous motions filed and orders made after the case was served on the defendant in error, and that these appear in the case-made.

In view of the state of the record we are unable to say from the certificate of the trial judge that the amendments incorporated were suggested by the defendant in error, as, they may have been suggested by the plaintiff in error, or by the trial judge himself. This especially in view of the fact that the case-made does not contain any suggestions of amendments by the defendant in error. Inasmuch as it is certified to be a true and correct case-made, we must assume that if such suggestions had been made by the defendant in error, they would have been incorporated in the case-made.

Since the case is not brought within any of the recognized exceptions to the rule, it seems that the motion to dismiss must be sustained.

The conclusion we have reached is not in conflict with the decision of Tulsa Ice Co. v. Wilkes, 54 Okla. 519, 153 Pac. 1169, since, in that case, it appeared from the certificate of the judge that the case-made was submitted to him "by the parties to said cause," thus showing that there was an appearance by both parties at the settlement, which brought that case within the first exception to the rule.

For the reasons given, the appeal is dismissed.

By the Court: It is so ordered.