## MISKOVSKY v. VRBA.

No. 8698—Opinion Filed Jan. 7, 1919.

(177 Pac. 614.)

1. **Appeal and Error—Case-Made—Signature and Settling—Notice.**

Where a case-made has been prepared and duly served within the time allowed and the defendant in error returns such case-made without the suggestion of amendments, no notice to him of the signing and settling of such case-made is required.

[This paragraph of the syllabus, as written by the Commissioner, is not approved by the court. See opinion by Hardy, J., at end of case.]

2. **Trial—Instructions—Province of Jury.**

In an action for slander, the defense being a denial of speaking the slanderous words charged, the defendant having pleaded and proved the speaking of words of and concerning the plaintiff which were not slanderous, the giving of an instruction to the jury, advising them that evidence on the part of the defendant of speaking the non-defamatory words alleged in his answer was admitted to aid the jury in determining whether or not the defendant did in fact use the language alleged by the plaintiff, and that the evidence on behalf of the defendant, that he used such nondefamatory language, was a circumstance for them to consider in determining the issues between plaintiff and defendant, invades the province of the jury and constitutes reversible error.

3. **Appeal and Error—Harmless Error—Failure to Withdraw Incompetent Evidence.**

In an action for slander, the defense being a denial of speaking the alleged defamat-

ory word, immaterial and incompetent evidence was admitted over the objection of plaintiff as to the management of a corporation of which plaintiff was an officer and defendant a stockholder; an instruction, which advises the jury that none of this evidence really had any place in the case, but that plaintiff is insisting that he had looked after the business of the corporation at great personal sacrifice and that such evidence was admitted as bearing upon the question as to whether the plaintiff was in all his transactions influenced solely by a desire to further the interests of the corporation, does not withdraw from the consideration of the jury such incompetent and immaterial evidence but leaves it for their consideration upon an issue not within the pleadings and the giving of said instruction constitutes prejudicial error.

### 4. Libel and Slander — Judgment — Attorney's Fees—Statute.

Under the provisions of section 4961, R. L. 1910, in an action for libel or slander where there are several causes of action set up and united in one petition a verdict for the defendant, finding the institution of the action to be malicious as to each cause of action, does not warrant the awarding of a judgment for the defendant for an attorney's fee upon each cause of action. There being but one case, only one attorney's fee can be recovered in said action.

(Syllabus by Rummons, C.)

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Frank Miskovsky against Vaclav Vrba. Judgment for defendant and plaintiff brings error. Reversed and remanded for a new trial.

Fred Ptak and Chas. H. Garnett, for plaintiff in error.

Hainer, Burnes & Toney, for defendant in error.

Opinion by RUMMONS, C. We are met at the threshold of this case by a motion of the defendant to dismiss this appeal. After several extensions of time to prepare and serve case-made the plaintiff procured an order extending his time five days, allowing the defendant 3 days in which to suggest amendments, and ordering that the case-made be settled upon two days' notice. Counsel for defendant contends that the order that case-made might be settled upon two days' notice is a nullity, and relies upon Allen v. Dillard, 59 Okla. 81, 159 Pac. 749. In that case it is said:

"A notice to settle case-made, served but 21 hours before the time specified therein for such settlement, is void, and a case-made settled upon such notice is a nullity, unless the cause be one falling within the recognized exceptions to the rule requiring notice: * * * First, that the defendant has saved the notice or appeared in person or by counsel at the time and place of settling the case-made; second, that the defendant suggested amendments, all of which were allowed; third, that the defendant suggested amendments, all of which were allowed except those that were immaterial."

Since the handing down of the opinion in that case this court has modified the rule heretofore prevailing as to the signing and settling of a case-made at a time earlier than it could properly be settled and signed. In the case of Southwestern Surety Insurance Company v. Dietrich, 68 Okla. 114, 172 Pac. 51, Mr. Justice Hardy, who delivered the opinion of the court, says:

"Under some previous holdings of this court a case-made thus settled and signed is a nullity, and presents nothing to the Supreme Court for review, but we think this holding should be modified to the extent of saying that such a case-made is irregular, but not void.

"It is a well-established rule that a judgment rendered upon service of summons made for a time less than that required or before the day named in the summons by which defendant is required to answer is not void, but irregular, and, unless attacked in a manner provided by law, will be upheld. Freeman on Judgments, § 135; Black on Judgments, § 85; White v. Crow, etc., et al., 110 U. S. 183, 4 Sup. Ct. 71, 28 L. Ed. 113; Nelson v. Becker, 14 Kan. 509; Foster v. Markland Dodge & Moore, 37 Kan. 32, 14 Pac. 452.

"So we say, with reference to the action of the trial judge in the settlement and signing of a case-made, where due notice is given of the time and place that same will be presented to such judge for settlement and signature, the party upon whom such notice is served cannot ignore the same or treat it as a nullity, although the time fixed therein for presenting such case to the judge for settlement and signing may be at a time earlier than it could properly be settled and signed, and where the judge of the court, in the absence of the party upon whom such notice has been served and without objection from him or from any other person, settles and signs such case-made when presented to him, and nothing further is done in reference thereto, this court will, in the absence of other irregularities, treat the case as valid, and will not permit the party to question same in this court, in the absence of a showing that an application was made to the trial judge to allow the time to which the party was entitled under the order, and that

by reason of the failure of the court to grant such time the party was prevented from suggesting amendments which he would have suggested and was entitled to have considered in the settlement of such case. Gross v. Funk et al., 20 Kan. 655; Thompson v. Meridian Life Ins. Co. of Indianapolis, Ind., 36 S. D. 175, 153 N. W. 993.

"We are of the opinion that the true rule is, and we so declare it to be, that where a case-made is settled and signed by the trial judge prior to the time it might properly be settled and signed upon notice duly given of the time and place, and no appearance is made, or amendments suggested, or objections offered by the party upon whom the notice was served, the case-made is not a nullity, but at most the action of the trial court is merely an irregularity, which could be corrected upon application, by the party interested, to the trial court."

In the case last cited it was sought to have the appeal dismissed, because the case-made was settled and signed prior to the expiration of the time fixed for the suggestion of amendments thereto, in the absence of defendant in error and his attorneys, without their consent. The case of Allen v. Dillard, supra, is based upon the rule of procedure, theretofore held to be in force by this court, that three days' notice to suggest amendments must be given to the defendant in error, and, if the case-made was served so late that the three days' notice could not be given prior to the time that said case must be filed in the Supreme Court, and the defendant in error refused to waive his right to suggest amendments, the plaintiff in error must fail. Mr. Commissioner Burford, who wrote the opinion in that case, laid down the same rule as to the notice required to be given of the signing and settling of the case-made after the time to suggest amendments had expired. The rule upon which his opinion was based having been modified by this court, the reason for the rule established as to notice of signing and settling the case-made falls, and the rule is established in Southwestern Surety Insurance Company v. Dietrich, supra, that the defendant in error will not be permitted to question a case-made in the absence of a showing that an application was made to the trial judge to allow the time to which he was entitled under the statute, and that by reason of the failure of the court to grant such time he was prejudiced.

In Allen v. Dillard, supra, exceptions to the rule that notice of the time and place of settling the case-made be given are noted. We think, in view of the modification of the rule of procedure adopted by this court, that

a fourth exception should logically be noted. That is that, when the defendant in error has been duly served with a case-made, and has had the time allowed by law or the order of the court to suggest amendments, and returns the case-made without the suggestion of amendments, no notice should be required. This would follow logically the second and third exceptions, which are that the defendant in error has suggested amendments, all of which were allowed, except those which were immaterial. If no notice be required in a case when all of the material amendments suggested are allowed, there can be no logical reason for requiring notice when no amendments whatsoever are suggested. This defendant, having failed to suggest amendments to the case-made within the time allowed, would have nothing to stand upon if he appeared before the trial judge at the time and place of signing and settling the case-made. We therefore hold that, when no amendments to the case-made are suggested within the time allowed to suggest such amendments, no notice of the signing and settling of the case-made is required. The motion to dismiss should therefore be overruled.

The plaintiff complains of the giving by the court of instructions Nos, 3, 6, 7, 8, and 9. Instruction, No. 3 is as follows:

"In addition to denying having made these statements the defendant has pleaded or set out in his answer allegations of what he did in fact say on numerous occasions concerning the plaintiff and his associates and their transactions in connection with the Maud Oil & Gas Company. None of these charges, however, or statements, which the defendant admits having made are, of themselves, slanderous. The plaintiff could not recover upon any of these statements, if they were true. But he is not charged with having made them, and consequently you are not to determine as to whether or not he is guilty of slander in making these statements that the defendant has said that he made. They are admitted in evidence here to aid you in determining as to what was in fact said by the defendant and concerning the plaintiff. The plaintiff has introduced evidence in support of his allegations, or some of them, that the defendant made certain statements which are slanderous. The defendant says, 'I did not say it, but I did say what I have admitted in my answer, but this is not slanderous,' and the court was of the opinion that it would aid the jury in determining the question as to whether or not the defendant did in fact use the language alleged by the plaintiff, and that is a circumstance for you to consider."

In this case the plaintiff set forth in his petition slanderous statements alleged to

have been uttered by the defendant which were actionable per se. The defendant denied making the statements charged, but pleaded that he made certain other statements of and concerning the plaintiff, none of which were slanderous. The court in this instruction advised the jury that the statements which the defendant admits having made are not slanderous, that the plaintiff could not recover upon any of these statements, and that the defendant is not charged with making them. The jury are advised in this instruction that the statements alleged by defendant to have been made by him were admitted in evidence to aid them in determining what was, in fact, said by the defendant of and concerning the plaintiff. The court further tells the jury in this instruction that he was of the opinion that the evidence of these statements would aid them in determining whether or not tne defendant, in fact, used the language alleged by the plaintiff, and advises them that that is a circumstance for them to consider.

The statements alleged in the answer of the defendant to have been made by him of and concerning the plaintiff were not in issue in this action, and evidence that the defendant did speak of and concerning the plaintiff the words alleged in his answer would neither tend to prove or disprove the allegation of the plaintiff that the defendant spoke of and concerning him the slanderous words contained in his petition. The court therefore clearly misdirected the jury when he told them that evidence of the statements set forth in defendant's answer would aid them in determining whether or not the defendant did, in fact, use the language alleged by the plaintiff.

This instruction is also open to the objection that it invades the province of the jury. It is true that it has been frequently held that it is not an invasion of the province of the jury for the trial court to instruct the jury that they may consider certain material facts, if they found from the evidence that they were facts, but in the instant case the facts to which the court specifically directs the jury's attention were not material to the issues, and to tell the jury that these facts were circumstances for them to consider in determining the issues is an instruction upon the weight of the evidence, and prejudicial error.

The eighth instruction given by the court is as follows:

"A great deal of evidence has been introduced bearing upon the transactions of the plaintiff and his associates in the manage-ment of the Maud Oil & Gas Company and of other property in that vicinity, and as to advancements that were made by the plaintiff for that company to help it along, in furtherance of the business in which it was engaged, the assuming of liabilities personally on behalf of the company. None of that evidence really has any place in this case. The plaintiff is insisting that he had carefully looked after the business of the corporation, and had been to great personal sacrifice both in time and money and assuming personal liability on behalf of the corporation, and the other evidence that was introduced here bearing upon the management and the transfer of leases has been permitted simply as bearing upon that question as to whether the plaintiff was, in all his transactions, influenced solely by desire to further the interests of the corporation. As I say, that has nothing whatever to do or either side with this particular charge."

The record in this case shows that, over the objection of the plaintiff, a large volume of testimony was introduced as to the conduct and operation of the business of the Maud Oil & Gas Company of which plaintiff was an officer and defendant was a stockholder. In the instruction under consideration the court tells the jury that none of that evidence has any part in this case. He does not, however, attempt in the instruction to tell the jury that in their determination of the issue between plaintiff and defendant they must totally disregard this incompetent evidence. He tells the jury that the plaintiff is insisting that he has carefully looked after the business of the corporation, and has been to a great personal sacrifice, both in time and money, in assuming personal liability, on behalf of the corporation, and he tells the jury that the incompetent evidence was permitted to be introduced simply as bearing upon the question as to whether the plaintiff was in all his transactions influenced solely by a desire to further the interests of the corporation. We can hardly imagine a more prejudicial instruction upon testimony which the court says is wholly incompetent. The only issue in this case between the plaintiff and the defendant is whether or not the defendant had uttered the slanderous statements. The statements alleged were actionable per se, and if the jury found that defendant used them, the plaintiff was entitled to recover such damages as the evidence might show that he had sustained. By this instruction the court presents to the jury for their determination an issue wholly foreign to the case, and puts the plaintiff on trial before the jury upon the question of whether he was in all his transactions influenced solely

by a desire to further the interests of the corporation. The court, instead of instructing the jury to disregard this admittedly incompetent evidence, leaves it for their consideration in determining whether the plaintiff acted in good faith in managing the corporation, thus putting him on trial before the jury for his acts in the conduct and management of the Maud Oil & Gas Company. The giving of this instruction constitutes reversible error.

The only other assignment of error made by the plaintiff that we need to consider is that the judgment of the court is contrary to law. The jury having found that the plaintiff was prompted by malice in the institution of this suit as to each of the four counts of his petition, the court rendered judgment against the plaintiff in favor of the defendant for the sum of $400 attorney's fees, or $100 attorney's fees upon each count of the petition. Section 4961, Rev. Laws 1910, provides:

"If there be a verdict by a jury or finding by the court in favor of the plaintiff, the verdict and judgment shall in no case be less than one hundred dollars and costs, and may be for a greater sum if the proof justifies the same. And if there be a verdict in favor of the defendant, and the jury finds that the action was malicious or without reasonable provocation, judgment shall be rendered against the plaintiff and in favor of the defendant for his costs, including an attorney's fee of one hundred dollars."

The trial court evidently took the view that each count of plaintiff's petition constituted a separate action. In this, we are convinced, the court erred. The statute under consideration is penal in its nature, and should therefore be strictly construed. Without regard to the number of causes of action set forth in the petition of plaintiff there was but one action before the court, and therefore the successful defendant was only entitled to recover one attorney's fee. In Allis v. Meadow Spring Distilling Co., 67 Wis. 16, 29 N. W. 543, 30 N. W. 300, an action was brought to enforce mechanics' liens, There were numerous lien claimants, some of whom were joined as plaintiffs and others as defendants. There was judgment for the various lien claimants for the amounts respectively shown to be due them. The statutes of Wisconsin providing for the recovery of an attorney's fee in an action to enforce mechanics' liens, the Supreme Court of Wisconsin held that, although several lien claims were enforceable in that action, there still was but one action, and a recovery of one attorney's fee only could be had therein.

We are convinced that the instant case falls within the reason of the rule announced. The position of the unsuccessful plaintiff being even stronger than that of the defendant in the Wisconsin case, since in the instant case, while there were four separate causes of action, they were each against the same defendant and in favor of the same plaintiff. The cases cited in the brief of defendant are cases in which several independent actions were, for the convenience of the court and counsel at the trial, consolidated and tried as one. The fact that there might be a recovery of an attorney's fee in each action, where several independent actions are consolidated for trial, is not authority for the proposition that, under the statute awarding attorney's fee to the successful defendant in an action for libel or slander, an attorney's fee can be awarded upon each of several causes of action joined in the same action. In Kelly v. Roetzel, 64 Okla. 36, 165 Pac. 1150, this court has construed section 4961, supra, to the effect that the minimum verdict provided for in said section is authorized in each action, and not for each instance or act of libel proven. That is, that the plaintiff in the instant case, if the jury found the issues in his favor, but that the evidence disclosed no damages because of the slanderous statements, could only recover the minimum sum of $100, and not the sum of $100 on each count of his petition. This assignment of error of the plaintiff is therefore well taken.

For the errors indicated, the judgment should be reversed, and this cause remanded for a new trial.

HARDY, J. The opinion of the Commission in the above-styled cause is approved, except as to the first paragraph of the syllabus and the discussion of the rule therein stated in the body of the opinion. The rule announced in Southwestern Surety Ins. Co. v. Dietrich, 68 Okla. 114, 172 Pac. 51, is applicable to the facts here presented, and there is no necessity for extending the rule announced in the cited case.